ALBANY,
Feb. 1808.

Clinton
v.
Mitchell.

## Clinton *against* Mitchell.

*In an action for a libel, the defendant pleaded not guilty, and gave notice of certain facts, to be proved on the trial; and afterwards, moved for leave to strike out the notice, but the court refused to grant the motion, unless he would make affidavit of the falsehood of the matters stated in the notice.*

THIS was an action for a libel. *Rudd*, in behalf of the defendant, moved for leave to strike out the notice annexed to the plea of *not guilty*.

*J. Tallmadge*, contra, observed, that he had no objection to the granting of the motion, if the defendant would make affidavit of the *falsity* of the facts stated in the *notice*, which he said was far more libellous than the publication complained of in the plaintiff's declaration; otherwise, he contended, the whole ought to appear on the record, that a jury might pass upon it.

*Per Curiam.* We are not disposed to countenance this mode of pleading, unless it be done in good faith. If done wantonly, and for the purpose of experiment, it ought not to be suffered. Unless the defendant will state upon the record, or make affidavit, that the charges contained in the notice are groundless, the motion must be denied.

Rule refused.

## M'Intyre *against* Rowan.

*A ca. sa. on which the defendant had been taken, was allowed to be amended, by adding the testatum clause.*

A JUDGMENT was entered up in this cause on default, and a *ca. sa.* issued to the sheriff of *Washington* county, on which the defendant was taken, and remained in prison. The *venue* was laid in the county of *Albany*, and the attorney, by mistake, omitted to insert the *testatum* clause in the *ca. sa. Crary*, for the plaintiff, now moved to amend the *capias ad satisfaciendum*, by inserting the *testatum* clause.

*Per Curiam.* Amendments of this nature are always in the discretion of the court. Take your rule.

Rule granted.