Morrell *v.* Cook.

---

## MORRELL *versus* COOK.

By R. S. ch. 104, a constable is authorized to serve " writs and precepts," in personal actions, wherein the sum demanded does not exceed one hundred dollars.

That authority includes the service of executions recovered in such actions.

In the service of such a writ, he may attach, and in the service of the execution he may levy real estate.

The District Court has authority to correct mistakes in its records and processes.

In a personal action, the writ was directed to the constable, who attached real estate thereon. The execution, which issued thereon, from the District Court, was not so directed, but the constable served it by levying the real

estate, within thirty days from the judgment; *Held*, that the District Court had authority to allow the omission to be supplied, by inserting in the execution a direction to the constable; although the levy had been previously recorded, and, *as it seems*, although the land had been conveyed by the debtor to a third person after the attachment and before the levy.

TRESPASS QUARE CLAUSUM. The controversy was confined to the title of the land. The plaintiff, in 1845, sued a personal action against one Whitten, wherein the damage demanded did not exceed $100. The writ was directed to, and served by a constable, who thereon attached the land. In October, 1847, the plaintiff recovered judgment in that action, in the District Court. The amount was less than $100. The execution was directed only to the sheriff or his deputy; but it was placed in the hands of the constable, by whom a levy of the land was made, on the 20th of Nov. 1847, being within thirty days from the recovery of the judgment. The levy was recorded on the 25th of January, 1848. On the 18th of February, 1848, the District Court, on motion of the plaintiff, permitted the execution to be amended by inserting therein a direction to the constable, which was accordingly done by the clerk. A nonsuit was entered by consent, to be taken off, if said levy could lawfully be made by a constable, and if said amendment was legal.

*Appleton* and *Blazo*, for plaintiff.

*McIntire*, for defendant.

The levy was ineffectual.

1. Constables have no authority to levy lands. R. S. c. 104, § 34 and 35; 5 Mass. 260. Not being authorized to serve writs in real actions or in actions where title to real estate may be in controversy, it cannot be consistent with the intention of the statute that they should make title by levy. This has been the practical view of the profession for fifty years. This is believed to be the first attempt to invade that construction.

2. The execution, when levied, was not directed to the constable. This defect must be fatal, unless cured by the amendment. There was no error in the execution, calling for the interposition of the court. It might have been duly exe-

cuted by the officers to whom it was directed. The counsel then proceeded to argue that such amendments are never allowable, where they would injuriously affect the rights of third persons, and spoke of a sale to the defendant made before the levy. But the "case" makes no mention of such a sale. That branch of the argument is therefore omitted.

HOWARD, J. — A constable is authorized "to serve upon any person in the town, to which he belongs, any writ or precept, in any personal action, where the damage sued for and demanded shall not exceed one hundred dollars." R. S. chap. 104, § 34. It is evident that the term "precept," as used in this, and other sections of the same chapter, was designed to include executions. By section 19, sheriffs, and their deputies, are required to serve and execute, within their counties, "all writs and precepts;" and the same terms are used in conferring and regulating the authority of those officers, and of coroners, in sections 20, 21, 22, 60, 61. In section 35, the word "execution" is employed, showing that the authority conferred by section 34, was manifestly intended to embrace executions issued in personal actions, when the amount demanded in the execution did not exceed $100. So, in section 27, as amended. Act of amendment, 1841, chap. 1, sect. 14.

Being authorized to serve such executions, a constable must obey the legal mandate of the precepts in making the services. His power or authority, in this respect, is not diminished or varied, by being restricted to precepts in personal actions. The levy on real estate does not constitute a service of the process in a real action ; nor does the form of proceeding change the character of the process, although it may affect the title to real estate. The duty and authority of constables in levying executions, within their jurisdiction, upon real estate, are coextensive with those of sheriffs, and their deputies, in executing such precepts, in like manner. As the Legislature has made no distinction in this respect, there is none which we can make.

The original writ, on which the attachment of the real es-

tate, taken by the levy, was made, was directed to, and served by a constable of Parsonsfield ; but the execution, when levied by a constable of that town, was not directed to that officer. About three months afterward, the District Court, on application, ordered an amendment to be made in the execution, by inserting a direction to any constable of Parsonsfield, which was accordingly done by its clerk. It is contended that the District Court had no power to amend its record, so as to affect the rights acquired by the defendant, a stranger to that record.

That court had authority to correct mistakes in its records, and errors in its processes. It could readily determine whether there was an omission in the direction of the execution, from its own records and files, and could supply the defect, when discovered. But the *legal effect* of the amendment is a proper subject for consideration in this case. The constable had official power to serve the execution, if it had been directed to him, and he made the levy as the case assumes, in conformity with the forms and requirements of law. The omission to direct the process to him, as it appears, was an error of the court, or of its clerk, and was, in fact, a judicial error. Such errors are never suffered to operate to the prejudice of a party, when they can, properly, be corrected by an amendment. The defendant purchased the land subject to the attachment, and the rights that might flow from it. He might have known from the record, and the proceedings, that the title acquired by the plaintiff, under the levy, would be complete, when the omission in the direction of the execution should be supplied, and that, as a judicial error, it would be corrected by the court, in furtherance of justice. Under such circumstances, he acquired no rights by his purchase, which were injuriously affected by correcting the direction of the execution ; and the amendment was, in our opinion, competent and sufficient to sustain the levy, upon the facts presented. R. S. chap. 115, sect. 9, 10 ; *Sawyer* v. *Baker*, 3 Greenl. 29; *Colby* v. *Moody*, 19 Maine, 111 ; *Rollins* v. *Rich*, 27 Maine, 557 ; *Hearsay* v. *Bradbury*, 9 Mass. 95 ; *Holmes* v. *Williams*, 3 Caines, 98 ; *Phelps* v. *Ball*, 1 Johns. 31 ; *McIntyre*

Sanford *v.* Lebanon.

v. *Rowan*, 3 Johns. 144; *Cramer* v. *VanAlstyne*, 9 Johns. 386, n. a; *Laroche* v. *Wasbrough*, 2 Term Rep. 737; *Newnham* v. *Law*, 5 Term Rep. 577; *Atkinson* v. *Newton*, 2 Bos. and Pul. 336.

According to the agreement, the nonsuit is to be taken off, and the cause is to stand for trial.