Hees agt. Snell and others.

---

## SUPREME COURT.

HEES, respondent, agt. SNELL AND OTHERS, appellants.

Where sureties on appeal justified on notice to the respondent's attorney, who refused to attend the justification, because the hour for which notice was given had gone by (the delay being excused), *held*, on affidavit of respondent that the sureties were irresponsible, that he was entitled to an order of dismissal of the appeal, unless the appellant served a new notice of justification, and the sureties justified anew in pursuance of such notice, or unless new sureties should be substituted who should justify.

*Fulton Special Term, September* 1852. *Motion to dismiss appeal.* The respondent, Hees, who is also the attorney, swears that the last day fixed for the justification of the sureties, on the appeal in the above action, was on the 2d day of September 1852, at 10 o'clock A. M., before Judge BELDING, at his office in Amsterdam, Montgomery county. That the evening before, he was applied to by Mr. Ayres, the appellants' attorney, to postpone the time of justifying until the 3d of September following; that he declined so to do; and on the morning of the 2d, repaired to Amsterdam, where he arrived before 10 A. M., and remained there, or about the village, until 2 o'clock P. M.; that he saw Mr. Ayres in his way, and supposed he was going to attend to the justification. That Mr. Ayres and the sureties not appearing, he left the place; that about 8 o'clock in the evening of that day, Ayres called upon him at Port Jackson, about half a mile from the office of Judge BELDING, and informed him that the sureties were at Amsterdam ready to justify, and requested him to accompany him to the judge's office, and attend the justification.

Hees agt. Snell and others.

That he declined then attending to the matter, saying that he had waited nearly all day, and that he had other engagements then on hand; that the sureties are greatly embarrassed and irresponsible; that one appeal has been dismissed with $10 costs, which have not yet been paid.

Mr. Ayres in his affidavit swears that on the 9th or 10th of August last, he served the notice of appeal; that on the evening of the 17th, as he was starting for New York, he received notice of exception to the sufficiency of the sureties; that on the morning of the 18th, he called on Mr. Hees to give him notice of justification, and there being some misunderstanding about the day of service of notice of exception, he served notice of justification for the 23d of August. That on the 22d the parties, at the request of Mr. Hees, postponed the justification, by an endorsement on the notice, to the 26th. That Judge BELDING afterwards informed him he should not be at home on the 26th, and he prepared a notice of justification before Judge CADY, and after several interviews and much negotiation, it was finally agreed to have said justification before Judge BELDING, on the 2d September following, at 2 o'clock P. M. That he and one of the sureties were ready to start by the cars at noon from Palatine Bridge, near which all the parties resided, and which would have enabled them to arrive at Amsterdam in season; but the other of the sureties was sick and could not be ready to start till the 5 o'clock train, the same day, which brought them to Amsterdam in about half an hour. That on arriving at Amsterdam he immediately went to Port Jackson, a short distance from Amsterdam, and gave personal notice to Mr. Hees of the presence of the sureties, and requested him to attend the justification, which he declined doing, alleging for reason the lateness of the hour; that he would go to accommodate Mr. Ayres, but as Jacob Cook had taken the burden of this prosecution, he did not deem himself bound to, and would not run after him. That he then returned to Judge BELDING's office, and the sureties justified. That the papers were filed next day with the clerk of Montgomery county, and notice served. That the appeal is important, as the judgment in the court below has been made the basis of a redemption of a valuable lot of land worth $4000.

Hees agt. Snell and others.

A. HEES, *for Motion.*

A. H. AYRES, *Contra.*

C. L. ALLEN, Justice.—There has been some misunderstanding between the parties in this matter, as appears by the affidavits presented on both sides. It would seem, however, that the appeal had been brought and that every attempt to have the sureties justify had been made in good faith. The excuse is sufficient that the sureties did not appear at the hour fixed upon on the last day appointed for justification (2d Sept.), one of them being sick and unable to reach Amsterdam until the evening. On their arrival there, the attorney for respondent, who was in the vicinity, was informed of the fact, and requested to attend, which he declined, alleging that the hour was past; that he had other business, and that he would not accommodate Mr. Cook.

I think it would have been better for the attorney for the respondent to have attended the justification at that time. Both parties have been quite technical in their practice, and do not seem to have been disposed to be very accommodating to each other.

As the respondent did not attend, however, before Judge BELD-ING, when the sureties justified, and as he alleges in his affidavit that they are *irresponsible,* I shall grant the motion to dismiss the appeal, *unless* the attorney for the appellants shall within twenty days after service of notice of this order serve a new notice of justification, and unless the sureties justify anew, in pursuance of such notice, or unless new sureties be substituted, who shall so justify; in which case the appeal is to stand, and neither party to have costs of this motion.

NOTE.—It appearing after this opinion was written, that the affidavit of the appellants' attorney did not contain the jurat or signature of the officer before whom it was sworn, leave was granted to swear to the affidavit anew, and the appellants required to pay $10 costs of the motion.