## SARIL v. PAYNE.

(City Court of New York, General Term.　April 30, 1888.)

ARREST—AFFIDAVIT FOR ORDER OF—OMISSION OF VENUE—AMENDMENT.

The omission of the venue in an affidavit for an order of arrest is an irregularity merely, and, under Code Civil Proc. § 723, providing that, "in any stage of the action, the court must disregard an error or defect in the pleadings or other proceedings which does not affect the substantial rights of the adverse party," such irregularity may be corrected by amendment.

Appeal from special term.

An order of arrest was granted in above action on June 12, 1888. The affidavit upon which the same was granted, was properly entitled in the action; was sworn to before a notary public, in New York county, on June 12, 1888. There was, however, no venue to the affidavit. An undertaking on order of arrest was presented at the time of granting the order. On March 2d a notice of motion was served—founded upon the order of arrest, the undertaking, and affidavit—that the order of arrest be wholly vacated and set aside, upon the ground of irregularity in the moving papers; and alleging that the same were irregular, insufficient, and conferred no jurisdiction upon the court, in that the affidavit upon which the same was granted contained no *videlicet*, and was not an affidavit within the meaning of the law. Upon the hearing of said motion an order was granted wholly vacating and setting aside the order of arrest, unless the plaintiff, within five days from the service of the order, supplied the omission by amendment. From this order William H. Payne appeals.

Argued before NEHRBAS, McGOWN, and PITSHKE, JJ.

*L. L. Kellogg,* for appellant.　*Franklin Bien,* for respondent.

McGOWN, J. The omission of the venue in the affidavit was clearly an irregularity, but such an irregularity as may be corrected by amendment. In a pleading, the object of the venue is to point out the county from which the jury are to come who are to try the issue. In an affidavit, it is to determine whether the officer before whom the affidavit was taken, viz., the commissioner of deeds or notary public, had jurisdiction to take the affidavit, in the place named.

This proceeding is entitled in the city court of New York, and the affidavit is sworn to before a notary public, New York county, the county in which the said court is held and exercises its jurisdiction. Section 723, Code Civil Proc. provides that, "in any stage of the action, the court must disregard an error or defect in the pleadings, or other proceedings, which does not affect the substantial rights of the adverse party." The substantial rights of the defendant cannot be affected by allowing the amendment as it will not, and cannot, affect any defense he may have to the proceeding. The irregularity complained of is amendable, and an amendment is fully authorized by sections 721–724, 728, Code Civil Proc. See, also, *Hogan* v. *Hoyt*, 37 N. Y. 300; *Fawcett* v. *Vary*, 59 N. Y. 597. To hold otherwise would not be in furtherance of justice. The power to allow such amendment has been determined in this court. *Clement* v. *Fenenback,* 1 City Court R. 57; *Warren* v. *Stratton,* Daily Reg. Feb. 27, 1888; *Lawton* v. *Kiel*, 51 Barb. 30.

Order appealed from must therefore be affirmed, with costs.

PITSHKE, J., (*concurring.*) The absence of a venue on the affidavit is the only defect in the arrest proceedings complained of. Under *Bellinger* v. *Gardiner*, 12 How. Pr. 384; *Cutler* v. *Rathbone,* 1 Hill, 206, and *Decker* v. *Judson*, 16 N. Y. 448, and the authorities therein cited, I can perceive nothing in principle which forbids the allowance of an amended affidavit herein, *nunc pro tunc*, supporting the arrest by adding the omitted venue. *Milbank* v. *Bank*, 3 Abb. Pr. (N. S.) 223, 224; *Cook* v. *Whipple*, 55 N. Y. 150. Also, *M'Intyre*

*v. Rowan*, 3 Johns. 144. The affidavit was in fact sworn to as is officially certified to, and presumedly was taken within the jurisdiction of the attesting officer, which he designates, after his signature, as being New York county. *Parker* v. *Baker*, 8 Paige, 428, 430, where, likewise, it did not appear where the affidavit was sworn to; also, *People* v. *Stowell*, 9 Abb. N. C. 461. That was sufficient to amend by; and the defect was not jurisdictional. The affidavit, though at most voidable, was not void, and it was, hence, amendable *nunc pro tunc*. *Fawcett* v. *Vary*, 59 N. Y. 597, and cases cited at page 598; Code Civil Proc. § 723. The mode of allowing the amendment in the order below, without requiring a cross-motion, was also proper. *Jones* v. *Williams*, 4 Hill, 35.

The amendment permitted by the order appealed from must be allowed, and the said order must be affirmed, with costs.