REEDY ELEVATOR CO. v. AMERICAN GROCERY CO.

(City Court of New York, Special Term. December 22, 1897.)

1. ATTACHMENT—AFFIDAVIT—VENUE—AMENDMENT.
   The fact that the affidavit on which an attachment was granted had no venue, did not render such affidavit void, as such defect was not jurisdictional, and might be corrected by amendment.

2. FOREIGN CORPORATIONS—LICENSE FEE—RIGHT TO SUE.
   A foreign corporation, required by Tax Laws, par. 181, to pay a license fee within 13 months after beginning its business within the state, as a condition precedent to the right to maintain an action in the courts of the state, may invoke the aid of such courts for the enforcement of its con-

tracts before the expiration of such period, without showing the payment of such license fee.

**3. SAME—CERTIFICATE OF AUTHORITY.**

Under Laws 1892, c. 687, § 15, providing that no foreign corporation doing business in the state without the required certificate of the secretary of state shall maintain any action in the state on any contract made by it in the state, until it shall have procured such certificate, such corporation was not entitled to an attachment where the cause of action accrued before it had obtained such certificate.

Action by the Reedy Elevator Company against the American Grocery Company. On motion to vacate an attachment. Motion granted.

Dill, Seymour & Kellogg, for the motion.

Henry B. Wesselman, opposed.

O'DWYER, J. This is a motion made to vacate an attachment herein upon the original papers on the following grounds:

First. "That the affidavit on which the attachment was granted is fatally defective, in that it has no venue." This defect, not being jurisdictional, does not render the affidavit void, and such an irregularity may be corrected by amendment. Section 723, Code Civ. Proc.; Saril v. Payne (City Ct. N. Y.) 1 N. Y. Supp. 15.

Second. "That the plaintiff has failed to show that it has paid the taxes required of certain foreign corporations before they can maintain any action in the courts of this state, pursuant to paragraph 181 of the tax laws of the state of New York, which provides 'that every foreign corporation, joint stock company or association * * * authorized to do business under the general corporation law, shall pay to the state treasurer, for the use of the state, a license fee of one-eighth of one per centum for the privileges of exercising its corporate franchises or carrying on its business in such corporate or organized capacity in this state, to be computed upon the basis of the capital stock employed by it within this state during the first year of carrying on its business in this state. No action shall be maintained or recovery had in any of the courts in this state by such foreign corporation without obtaining a receipt for the license fee hereby imposed within thirteen months after beginning such business within the state.'" The plaintiff is a foreign corporation, and the record shows that the contract which is the subject of the cause of action was entered into at the city of New York on or about the 24th day of November, 1896. No license fee can be paid, and none can be lawfully computed, until the corporation shall have done business within the state for one year. For aught that appears to the contrary, the contract with defendant was its first business within this state, and in that case no license fee could be computed or become payable until November 24, 1897, one year after the commencement of its business, and it would have still another month—until December 24, 1897—within which to obtain a receipt. The meaning of this law is that foreign corporations may invest their capital here, and may invoke the aid of our courts during the first year. At the expiration of this time, and within one month thereafter, they must pay a license fee, computed upon the amount of their capital employed in this state

during such first year, and, if they fail to do this, they may not have the aid of our courts to enforce their contracts; and in the case at bar the time in which the defendant had a right to pay the taxes and procure its receipt had not expired when the attachment herein was granted.

The third ground upon which the motion is made is "that it affirmatively appears that the alleged contract in question was made before the plaintiff had procured the certificate required by section 15 of chapter 687 of the Laws of 1892, and therefore the plaintiff cannot maintain this action." It is conceded by the affidavit upon which the warrant was obtained that the cause of action accrued before the plaintiff had obtained from the secretary of state the certificate required by law. I am of opinion that this objection is fatal to the attachment granted herein. Section 15 of chapter 687 of the Laws of 1892 provides that:

"No foreign stock corporation other than a moneyed corporation shall do business in this state without having first procured from the secretary of state a certificate that it has complied with all the requirements of law to authorize it to do business in this state. * * * No such corporation now doing business in this state shall do business herein after December 31, 1892, without having procured such certificate from the secretary of state, but any lawful contract previously made by the corporation may be performed and enforced within the state subsequent to such date. No foreign stock corporation doing business in this state without such certificate shall maintain any action in this state upon any contract made by it in this state until it shall have procured such certificate."

It seems to me that the intent and meaning of this statute is that a foreign corporation had a right to go on with its business without a certificate up to and including December 31, 1892, and after that date perform and enforce any lawful contracts previously made, but that if, after that date, it desired to do business beyond the performance and enforcement of previously made contracts, it must obtain a certificate. Unless the view above expressed is the proper one, the statute would seem to be quite ineffectual, and the evident purpose of the legislature in enacting this law would be defeated by merely making the penalty of no avail. The statute prohibits the transaction of business within the state without a certificate of authority, and prescribes as a penalty to be imposed upon foreign corporations making contracts in defiance of that prohibition that such contracts shall not be enforceable. Therefore, it would seem that, if the nonenforceable character of the contracts so made is to be reasoned away and destroyed by the courts, the very essence and aim of the act is defeated, and foreign corporations may, in defiance of the prohibition, continue to do business in the state, and make contracts ad libitum, without fear or risk of incurring any penalty, so long as such corporations have an assurance that they may evade the statute by thereafter obtaining the certificate of authority whenever the time shall arrive for the enforcement of their contracts by action in the courts.

The motion to vacate the attachment is granted, with $10 costs.