(26 App. Div. 614.)

SCHWEITERING et al. v. ROTHSCHILD et al.

(Supreme Court, Appellate Division, First Department. March 11, 1898.)

REPLEVIN—AFFIDAVIT—DESCRIPTION OF PROPERTY.

In an action of replevin, in which the affidavit upon which the requisition was issued simply referred to some pieces and numbers of yards and other unintelligible numbers, *held* insufficient, under Code Civ. Proc. § 1695, which requires such a description of the chattel to be replevied that the sheriff may be informed as to the particular property in question, and that other creditors may be informed as to the claims sought to be asserted by the plaintiff.

Appeal from special term.

Action by Herman H. Schweitering and others against Justus Rothschild and others. From an order denying motion to vacate requisition on affidavit in replevin, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Franklin Bien, for appellants.

VAN BRUNT, P. J. The affidavit upon which the requisition was issued was clearly defective. Section 1695 of the Code of Civil Procedure requires that the affidavit to be delivered to the sheriff must particularly describe the chattel to be replevied. The affidavit does not describe the property. It simply refers to some pieces and numbers of yards, and other unintelligible numbers. There is nothing whatever to designate the property, or to indicate to the sheriff what property was to be taken under the writ. It is necessary that this provision should be complied with, in order that the sheriff should be informed by the papers presented to him as to the particular property which he is called upon to seize, and that other creditors may be informed as to the claims sought to be asserted by the plaintiff in the replevin action. We think that the affidavit utterly failed to comply with the provisions of the Code above referred to, and that the motion to set aside the requisition should have been granted.

The order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.