(39 App. Div. 508.)

### THORN v. LAZARUS et al.

(Supreme Court, Appellate Division, First Department. April 7, 1899.)

1. REPLEVIN—AFFIDAVIT—AMENDMENT.
     Under Code Civ. Proc. § 723, authorizing the amendment of any process or pleading at any time, in the furtherance of justice, the court, after a motion to vacate a requisition in replevin for insufficiency in the description of the property in the affidavit, may grant leave to amend such affidavit.

2. SAME—PAYMENT OF COSTS.
     Leave given plaintiff to amend his affidavit in replevin after motion to vacate for insufficiency of the description of the property, should be conditioned on payment of the costs of the motion.
     Van Brunt, P. J., dissenting.

Appeal from special term.

Replevin by William Thorn, as trustee, etc., against Samuel Lazarus and others. From an order denying a motion to vacate the requisition, defendants appeal. Modified.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and PATTERSON, JJ.

H. M. Goldfogle, for appellants.
L. J. Doyle, for respondent.

PATTERSON, J. This is an appeal from an order denying a motion to vacate a requisition in replevin, and allowing an amendment of the description of the property in the affidavit accompanying that requisition. The motion was made on an affidavit of one of the attorneys for the defendants pointing out the insufficiency, in the affidavit in replevin, of the description of the property sought to be replevied. On the hearing of the motion an affidavit was read on behalf of the plaintiff in which the property was specifically described by identifying marks and designations, and the plaintiff asked leave to amend the description of the property in the original affidavit presented to the sheriff. That such original affidavit was insufficient, needs no argument, and its defectiveness justified the motion to vacate the requisition. Schwietering v. Rothschild, 26 App. Div. 614, 50 N. Y. Supp. 206. But on the hearing the plaintiff asked leave to cure the defect, and the question now is whether that leave was properly granted. That the court had power to grant it is plain. Code Civ. Proc. § 723. And we think it properly exercised its discretion, for no real injury, prejudice, or inconvenience can be suffered by the defendants in consequence thereof. The power has been exercised under similar circumstances. In Depew v. Leal, 2 Abb. Prac. 131, the general term of the superior court held that, on a motion to set aside replevin proceedings for an omission in specifying the property claimed, the defect might be supplied by a supplementary affidavit. That practice has been followed in the special term of the supreme court (Van Dyke v. Banking Co., 18 Misc. Rep. 661, 43 N. Y. Supp. 735), and is justified by the authorities cited in the opinion in that case. But, as the defendants' motion was regular and authorized, the privilege accorded the plaintiff should have been upon terms, and the order should be modified so as to deny the defendants'-motion, and grant the leave to amend on the payment of costs of the motion below. No costs on this appeal. All concur, except VAN BRUNT, P. J., dissenting.

VAN BRUNT, P. J. I dissent. I do not think the court should allow an amendment of an affidavit on these proceedings to recover goods illegally taken, unless some good excuse is offered showing some other reason than mere neglect or ignorance. No reason whatever is shown in these papers; and if the principle sustained by the court in this case is to prevail, there is no need of having any but a merely perfunctory affidavit in the first instance, as it can be amended as of course.