## NATIONAL ENAMELING & STAMPING CO. v. KAPLAN.

(Supreme Court, Appellate Division, First Department. July 17, 1900.)

**1. REPLEVIN BY CORPORATION—AFFIDAVIT BY TREASURER.**

In replevin by a corporation, the affidavit may be made by its treasurer.

**2. SAME—INSUFFICIENT DESCRIPTION—VACATION OF WRIT.**

An affidavit in replevin which describes some of the articles by abbreviations and by figures and letters, the meaning of which is not shown by anything contained in the schedule or in the affidavit, is not sufficient as to the articles thus referred to, under Code Civ. Proc. § 1695, requiring chattels to be replevied to be particularly described.

Appeal from special term, New York county.

Replevin by the National Enameling & Stamping Company against Joseph Kaplan. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Abraham I. Spiro, for appellant.

Moses Weinman, for respondent.

RUMSEY, J. The motion was made upon two grounds: First, that the affidavit was not made by the plaintiff; and, second, that it does not conform to the requirements of section 1695 of the Code of Civil Procedure. As the plaintiff is a corporation, and therefore could not make an affidavit, any official engaged in its management and familiar with the facts might properly do so. The affiant here was the treasurer of the plaintiff, and there is every reason why he should have made the affidavit. So far as the allegations of wrongful detention in the affidavit are concerned, they are precisely such as are prescribed by section 1695, Id., and are therefore for that reason sufficient. But that section of the Code requires that the chattels to be replevied must be particularly described in the affidavit. That is necessary, not only for the protection of the sheriff, but of the defendant as well; and the description required is such that there can be no doubt as to what property is to be taken. We think that the affidavit in that respect is not sufficient. The description of the goods to be replevied is found in Schedule A, which is made a part of the affidavit. Some of the goods are so fully described in the schedule that they can be easily identified. As to others there is substantially no description at all. They are referred to by abbreviations, the meaning of which is not shown by anything contained in the schedule or in the affidavit, or by letters and figures which read by themselves are not descriptive at all, and are not referred to in any other portion of the affidavit or schedule so that their meaning is made plain. As to all these articles, certainly, the affidavit is defective. Schwietering v. Rothschild, 26 App. Div. 614, 50 N. Y. Supp. 206. The motion, therefore, to vacate the writ of replevin, should have been granted. It is not necessary to discuss the question whether an amendment to the affidavit should have been allowed, because there is no proposed amendment in the

record, and there is nothing to show that the plaintiff has any information which would enable him to amend.

The order, therefore, must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur; VAN BRUNT, P. J., in the result.

VAN BRUNT, P. J. I do not think that the affidavit was in any respect sufficient. I therefore concur in the result.