FARRELL v. STUART et al.

(Supreme Court, Appellate Term, First Department.    May 5, 1915.)

1. REPLEVIN ☞59—PROCEEDINGS FOR TAKING PROPERTY—DESCRIPTION OF PROPERTY.

That goods were defectively described in replevin proceedings is immaterial, where the officer has in fact found the right property and taken it into possession.

[Ed. Note.—For other cases, see Replevin, Cent. Dig. §§ 215–218; Dec. Dig. ☞59.]

2. REPLEVIN ⊂⇒8—MORTGAGEE'S RIGHT TO POSSESSION—BAILMENT.

Since a bailee cannot be deprived of his possessory title without the payment of his charges, the assignee of an unrecorded chattel mortgage covering goods in storage does not obtain an interest in the goods entitling him to maintain replevin therefor without payment of storage charges as against the holder of a bill of sale to whom possession has been transferred upon the payment of such charges.

[Ed. Note.—For other cases, see Replevin, Cent. Dig. §§ 45–68; Dec. Dig. ⊂⇒8.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action in replevin by William A. Farrell against John G. Stuart, the Bronx Fireproof Storage, Incorporated, and the Keeler Art Galleries. From the judgment for plaintiff, defendant Keeler Art Galleries appeals. Reversed and remanded.

Argued March term, 1915, before LEHMAN, HENDRICK, and COHALAN, JJ.

George B. Keeler, of New York City, for appellant.

Jacob Stiefel, of New York City, for respondent.

HENDRICK, J. [1] Appellant is aggrieved by a judgment sustaining the act of plaintiff in taking from its possession certain chattels. One of the points urged by appellant is that the chattels were defectively described in the replevin proceedings, and if this were an appeal from an order denying a motion to vacate the writ the point would require consideration. But the officer found the right property and took it into his possession. It is now in plaintiff's possession under the judgment. It seems to me, therefore, that the questions decided in Devoe et al. v. Selig et al., 25 Misc. Rep. 411, 54 N. Y. Supp. 941, and Schwietering v. Rothschild, 26 App. Div. 614, 50 N. Y. Supp. 206, are not presented.

[2] Appellant also argues a question of law. During 1913 defendant Stuart, the owner of the chattels, placed them in storage. In August, 1914, a mortgage of the chattels was duly filed. In September, 1914, the storage company, on receiving $93.50, the amount then due for storage, delivered the chattels to appellant who had made the payment. Appellant had an interest by virtue of a bill of sale as security for a loan of $75 made to the owner. As the goods arrived at appellant's place of business they were seized on the writ issued in favor of plaintiff who is assignee of the mortgage. In September, 1914, the storage company had a valid lien on the chattels for a year's storage. Under the findings the storage company had no notice of any chattel mortgage, although as matter of law it had been executed in 1910, but not filed. Plaintiff, as mortgagee, could not have obtained possession without payment of that sum of $93.50.

Did he obtain any better right by seizing them after they had passed into the possession of appellant? There is no reason why a change in the name of the bailee should increase plaintiff's interest in the chattels. If his interest was a certain sum or aggregate, subject to a prior charge of $93.50, while the chattels were in the warehouse, it could

not reasonably be any greater after change of possession of the warehouse to appellant's place of business. It was simply a case of transfer. The storage company held a possessory title as security for $93.50. On receipt of that sum it transferred its title to appellant. Plaintiff would have obtained all he was entitled to if he had obtained possession of the chattels subject to payment of $93.50 for which the storage company had a lien, and which passed to the appellant by subrogation. I am also inclined to hold that appellant obtained legal title to a part of the chattels seized which is not included in the mortgage; but, as there must be a new trial, the articles included in the mortgage may be identified, so far as there is any latent ambiguity, by parol evidence. Galen v. Brown, 22 N. Y. 37.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.