CROKER FIRE PREVENTION CORPORATION, Appellant, *v.* ROBERT H. JACOBS and Others, Respondents, Impleaded with HERMAN E. HORWOOD and Others, Defendants.

First Department, April 29, 1932.

*Samuel Falk* of counsel [*Ilo Orleans* with him on the brief; *Falk & Orleans,* attorneys], for the appellant.

*Nathan Lieberman* of counsel [*Irving W. Weinblatt* with him on the brief; *Nathan Lieberman,* attorney], for the respondents.

MARTIN, J. In this replevin action the plaintiff seeks to recover certain correspondence, agreements, books, records and other documents which are alleged to have been wrongfully taken and are being retained by the defendants.

The Special Term, in granting the motion of the defendants, respondents, to vacate and set aside the requisition of replevin, held that the property sought to be replevied did not constitute chattels within the meaning of the law; that the description of the chattels was insufficient; that there was an " improvident " statement as to the cause of detention; and that there was a failure to comply with sections 1094 and 1096 of the Civil Practice Act.

The courts of this State have construed the term " chattels " as used in the statute relating to replevin to mean only such personal

property as has a pecuniary or monetary value. In *Barnett* v. *Selling* (70 N. Y. 492) the Court of Appeals held that an action of replevin by the maker will not lie for a check, after it has been presented to and paid by the drawee, and returned as a voucher to the maker. The court (at p. 497) said that " the check, when paid and canceled, is of no value as property."

In *Bachmann-Bechtel Brewing Co.* v. *Gehl* (154 App. Div. 849) the court said: " It is a reasonable contention that a valueless piece of paper is not the subject of replevin. That view was presented in *Flannigan* v. *Goggins* (71 Wis. 28), where the action was to replevin a deed, and so it was considered that a paid and canceled check, become a mere voucher and without pecuniary value, was not the subject of replevin. (*Barnett* v. *Selling*, 70 N. Y. 492, 496.) "

An objection urged by respondents is that the affidavit failed to comply with the requirements of section 1096 of the Civil Practice Act with respect to the sufficiency of the description of the chattels and the number thereof. The statute provides: " The affidavit, to be delivered to the sheriff in an action to recover a chattel, in order to require him to replevy it, must particularly describe the chattel to be replevied; or if the affidavit describes two or more chattels of the same kind, it must state the number thereof, and where it describes a chattel in bulk, it must state the weight, measurement or other quantity, * * *."

The affidavit in question is clearly defective since it directs the sheriff to replevy " certain letters and other communications addressed to Edward F. Croker * * * and other affiliated or subsidiary companies or organizations * * *." The sheriff cannot be expected to know with what subsidiary companies or organizations the plaintiff is affiliated. The affidavit also directs that the sheriff replevy " contracts, agreements, estimates, bids and other memoranda or data relating thereto." It is not the duty of the sheriff to determine what memorandum or data he is to seize.

In *Schwietering* v. *Rothschild* (26 App. Div. 614) the court said: " It is necessary that this provision should be complied with in order that the sheriff should be informed by the papers presented to him as to the particular property which he is called upon to seize, and that other creditors may be informed as to the claims sought to be asserted by the plaintiff in the replevin action.

" We think that the affidavit utterly failed to comply with the provisions of the Code above referred to, and that the motion to set aside the requisition should have been granted."

In *National Enameling Co.* v. *Kaplan* (53 App. Div. 96) this court held that an affidavit in replevin which describes some of

the articles by abbreviations, letters and figures, which read by themselves are not descriptive and the meaning of which is not shown by anything contained in the schedule or affidavit, is as to such articles defective, and a writ of replevin issued thereon will be vacated. The court said: 'But that section of the Code [Code Civ. Proc. § 1695; now Civ. Prac. Act, § 1096] requires that the chattels to be replevied must be particularly described in the affidavit. That is necessary not only for the protection of the sheriff but of the defendant as well, and the description required is such that there can be no doubt as to what property is to be taken. We think that the affidavit in that respect is not sufficient. The description of the goods to be replevied is found in Schedule 'A' which is made a part of the affidavit. Some of the goods are so fully described in the schedule that they can be easily identified. As to others there is substantially no description at all. They are referred to by abbreviations the meaning of which is not shown by anything contained in the schedule nor in the affidavit, or by letters and figures which, read by themselves, are not descriptive at all and are not referred to in any other portion of the affidavit or schedule so that their meaning is made plain. As to all these articles certainly the affidavit is defective. (*Schwietering* v. *Rothschild*, 26 App. Div. 614.) "

In *Van Dyke* v. *New York State Banking Co.* (18 Misc. 661) the court, in referring to the insufficiency of the description of the chattels in an action in replevin, said: " The words and character used for that purpose are utterly unintelligible at least to a person not an expert. Counsel for plaintiff was himself unable, upon the argument, to say what they meant. While it is possible, as suggested in his belief, that somebody would be found who would understand them, I do not think that is enough or a compliance with the Code. The intent of that must have been that the description of the chattels should be plain enough, so that, amongst other things, the sheriff to whom it was delivered would be able to determine from it, with some degree of accuracy and intelligence, what he was required to replevy."

Aside from the fact that the chattels are not described as required by statute and the decisions construing the statute, their value has not been shown in detail or with any certainty or particularity. Under the circumstances here disclosed, the statement that they are worth a certain sum is insufficient.

The order granting the motion to vacate the requisition of replevin should be affirmed, with ten dollars costs and disbursements.

FINCH, P. J., McAVOY, O'MALLEY and TOWNLEY, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.