Max Sonkin, Appellant, *v.* Ceil Sonkin, Respondent, Impleaded with Massachusetts Mutual Life Insurance Company and Others, Defendants.

First Department, February 16, 1940.

*Edwin B. Wolchok,* for the appellant.

*Benj. Shiverts,* for the respondent.

Glennon, J. This action was instituted for a declaratory judgment. After the service of the amended complaint, defendant Ceil Sonkin moved to dismiss the action on the ground that the complaint did not state facts sufficient to constitute a cause of action in equity since the plaintiff had an adequate remedy at law. Special Term granted the motion with the following memorandum: " In the

exercise of his discretion the court grants this motion to dismiss the complaint herein on the ground that plaintiff has a complete and adequate remedy at law to which he is relegated."

We are of the opinion that the plaintiff has set forth facts which, if true, would entitle him to a declaratory judgment.

It is alleged in the amended complaint that the plaintiff and the defendant Ceil Sonkin are husband and wife; that the other defendants are corporations; that between May 22, 1929, and about September 17, 1931, four of the corporate defendants, which incidentally are insurance companies, upon the application of plaintiff, issued to him their respective policies of life insurance each of which contained a provision for disability benefits and also the right to change the beneficiaries; that on January 13, 1931, defendant New York Physicians' Mutual Aid Association issued to plaintiff its certificate of membership which insured plaintiff's life and likewise reserved to him the right to change the beneficiary.

It is alleged that at the time of the issuance of the policies of insurance and the certificate of membership, " plaintiff was and still is the owner thereof;" that until February or early March, 1938, plaintiff had the sole possession and custody of the policies and certificate of insurance. About that time defendant Ceil Sonkin induced plaintiff to deliver temporary custody of the policies and certificate to her for the purpose of placing them in a safe deposit box during the absence of plaintiff and his wife, the defendant, from the city of New York. The policies and certificate were so delivered under the agreement to restore them to plaintiff upon his return; that, although demand has been made, the defendant wife has refused to return the policies and certificate; that she paid no moneys or other consideration for them and that plaintiff is entitled to their immediate possession. .

Further it is set forth that the defendant Ceil Sonkin now wrongfully asserts a claim or lien upon the policies and certificate and upon the disability benefits due thereunder by reason of an alleged oral assignment to her by plaintiff; that the defendant wife has no claim or lien upon the same; that in fact plaintiff has not given her any assignment thereof, either oral or written; that she has, nevertheless, given notice of an alleged assignment to all of the other defendants herein; that plaintiff is totally and permanently disabled and is entitled, accordingly, to receive disability benefits under the policies of insurance; that by reason of the notice of the alleged assignment given to the other defendants by defendant wife, some of them have discontinued paying disability benefits to plaintiff, and that others of the defendants have threatened to discontinue making such payments.

It is averred that the face amount of the policies and the certificate are payable only upon plaintiff's death and, therefore, he cannot await the maturity thereof to have a judicial determination of his rights as well as those of defendant Ceil Sonkin, and a declaration of whether or not said defendant is the assignee of the disability benefits due under the policies, and also of the policies and certificate, during his lifetime; that the acts and claims of the defendant wife have caused and will continue to cause irreparable injury.

We know of no better way, on the facts as pleaded, to obtain a proper determination of the controversy between this husband and wife and the corporate defendants involved, than by a declaratory judgment. It is idle on the part of the defendant wife to argue that the plaintiff would have an adequate remedy at law by instituting an action in replevin against her. The outcome of an action of that type would not result in affording plaintiff adequate relief. Even though we are to assume that the policies and certificate are chattels within the meaning of article 66 of the Civil Practice Act, still, if the husband were successful in obtaining the return of his policies, surely the corporate defendants would naturally take the position that they were not bound by the judgment.

One might ask what value could be fixed upon the policies in suit. It could not be the face amount since, with the exception of possible disability benefits, none of them has matured. They are simply agreements on the part of the respective insurance companies to pay certain sums of money and, consequently, it might be argued in a replevin action that they are of little or no value. If that be true, then the words of Mr. Justice MARTIN in *Croker Fire Prevention Corp.* v. *Jacobs* (235 App. Div. 216) are applicable: " The courts of this State have construed the term ' chattels ' as used in the statute relating to replevin to mean only such personal property as has a pecuniary or monetary value." There an action was instituted to recover certain correspondence, agreements, books, records and other documents which were alleged to have been wrongfully taken and retained by the defendants. This court upheld the order of Special Term granting a motion to vacate a requisition of replevin. Consequently, an action such as that suggested by the defendant wife would be of no avail to her spouse.

We reiterate what we said at the outset, that this is a proper case for a declaratory judgment. It follows that the order should be reversed and the motion denied, with leave to the defendant respondent to answer within ten days after service of order, with notice of entry thereof.

MARTIN, P. J., O'MALLEY, TOWNLEY and UNTERMYER, JJ., concur.

Order unanimously reversed and motion denied, with leave to the defendant-respondent to answer within ten days after service of order.