ALLAN R. TAFT, Plaintiff, v. ANTONIO DELSENER and EDWARD H. ADLER, Defendants.

Municipal Court of New York, Borough of Brooklyn, Second District, February 21, 1941.

*Barnet L. Asrelen* [*Joseph G. Diamond* of counsel], for the plaintiff.

*Hyman B. Schutzer*, for the defendants.

WECHT, J. The affidavit of service of the summons in this action shows that it was served on the defendant Delsener "on the 1st day of December, 1940." On discovering that December 1, 1940, fell on a Sunday, the plaintiff moved to amend the affidavit to show that the summons was served on Monday, December 2, 1940, when it was actually served. Defendant objects to this amendment on the ground that the court has never acquired jurisdiction and has no right to grant such amendment.

This dispute brings up the question as to when an affidavit in support of a paper filed with the court may be amended for mistake, omission, irregularity or defect, and when it may not be amended.

The pertinent sections of the law applicable to this question are section 105 of the Civil Practice Act, " At any stage of any action,

special proceeding or appeal, a mistake, omission, irregularity or defect may be corrected or supplied, as the case may be, in the discretion of the court, with or without terms, or, if a substantial right of any party shall not be thereby prejudiced, such mistake, omission, irregularity or defect must be disregarded," and sub-division 2 of section 93 of the Municipal Court Code, which reads: " At any stage of the cause the court must allow amendment of any summons, process, mandate, pleading, order or judgment, including a petition, precept, answer and final order in a summary proceeding, if substantial justice will be promoted thereby; and as a condition thereof may impose such terms as may be just."

It will be noted from these two sections that the courts are given wide powers in allowing amendments of affidavits in " any action " (Civ. Prac. Act, § 105) or in any " cause " (Mun. Ct. Code, § 93, subd. 2).

The courts have been very liberal in permitting such amendments when the affidavit, for instance, did not contain the jurat or the signature of the officer before whom it was taken (*Hees* v *Snell*, 8 How. Pr. 185; *Fawcett* v. *Vary*, 59 N. Y. 597); when the affidavit omitted the venue (*Saril* v. *Payne*, 1 N. Y. Supp. 15; *Babcock* v. *Kuntzsch*, 85 Hun, 33; *Reedy Elevator Co.* v. *American Grocery Co.*, 48 N. Y. Supp. 619); and when, in a replevin action, the affidavit did not properly describe the property (*Thorn* v. *Lazarus*, 39 App. Div. 508). Amendments were allowed in an affidavit accompany-ing a writ (*Colcord* v. *Banco de Tamaulipas*, 191 App. Div. 94); and even in a warrant of attachment itself (*Stone* v. *Pratt*, 90 Hun, 39). But in all these instances the amendments were permitted as part of an application in an action pending before the court; the court had acquired jurisdiction of the person or of the cause.

That the courts have recognized this distinction is clearly set forth in *Brandley* v. *American Butter Co.* (60 Misc. 547), when the court held: " * * * Where the defect sought to be supplied relates to the substance of the claim, as distinguished from the jurisdiction of the court, then the defect can in a proper case be supplied, * * * but where it is jurisdictional in its character the proceeding is incurably defective and beyond the reach of any amendment," and again in *Northwest Engineering Co.* v. *Rappl* (132 Misc. 497), when it said: " Before an omission may be supplied or a mistake corrected * * * jurisdiction of the person, property and cause of action must have been regularly acquired."

In the case at bar did the court acquire jurisdiction over the person or the cause? It is elementary that the service of a summons on a Sunday is absolutely void and not voidable. (Penal Law, § 2148.) The affidavit filed with the summons shows that it was

served on a Sunday; hence, the service is void and could not give jurisdiction to the court. The sections of law applicable hereinabove quoted refer specifically to an " action " or " cause "— a pending action, after the court has acquired jurisdiction. The courts have sustained this view of section 105, and held that it cannot be applied until the court has obtained such jurisdiction. In *Conklin* v. *Federal Trust Co.* (176 App. Div. 572) the court held: " This section [Code Civ. Proc. § 768, now Civ. Prac. Act, § 105] cannot be used to cure defects which go to the jurisdiction of the court. Before the court can make an order in an action to cure defects in the proceedings it must obtain jurisdiction of the cause, * * *."

In view of the foregoing, the court concludes that it has never acquired jurisdiction in this case and has no power to entertain the motion. The motion must, therefore, be denied.