ROLAND W. HIPSLEY, Respondent, v. RITA HIPSLEY, Appellant, et al., Defendants.

Supreme Court, Appellate Term, First Department, January 11, 1946.

*Jonas J. Shapiro* and *Cassrell Greenberg* for appellant.

*Thomas J. McManus* and *Charles H. McCarty* for respondent.

EDER, J. The plaintiff, a physician, while serving in the armed forces of the United States in the China-Burma-India theatre of operations, personally packed, sealed and mailed, preparatory to returning to the United States, as first-class matter, addressed to himself, a package containing correspondence, among the contents being confidential communications between physician (plaintiff) and patients, case histories and data which form the basis for rendering his bills for the professional services which he has rendered.

In some unexplained manner, this package came to the defendant, his estranged wife, who refuses to restore it to the plaintiff. When she received this package she stored it with the defendant Columbia Storage Warehouses, placing a value of $50 thereon, and it was assigned No. 85599; a warehouse receipt embodying this value was issued by this company, which was accepted by the defendant. The plaintiff in his affidavit in support of the requisition placed the value of said property at the sum of $100. The property was described as a package under No. 85599 delivered to the defendant Columbia Storage Warehouses, by the defendant Rita Hipsley on April 19, 1945.

In moving to set aside and vacate the requisition of replevin herein the moving affidavit made the point that the letters are not chattels within the meaning of that term as used in the statute and further that they had no value in the pecuniary or monetary sense, and also that the description of the property to be replevied under the requisition was defective.

I am of the opinion that under the peculiar facts and special circumstances of this case a cause of action in replevin will lie and that the contentions of the defendant are untenable.

I shall take up first the claim that the chattel sought to be replevied is not adequately described. Section 1096 of the Civil Practice Act so far as here relevant, provides: " The affidavit, to be delivered to the sheriff in an action to recover a chattel, in order to require him to replevy it, must particularly describe the chattel to be replevied; or if the affidavit describes two or more chattels of the same kind, it must state the number thereof, and where it describes a chattel in bulk, it must state the weight, measurement or other quantity    *   *   *.''

Insofar as the mentioned statute is concerned relative to the description of the property to be replevied: " That is necessary not only for the protection of the sheriff but of the defendant as well, and the description required is such that there can be no doubt as to what property is to be taken.'' (*Croker Fire Prevention Corp.* v. *Jacobs*, 235 App. Div. 216, 218.) Speaking of the intent of the statute the court said in the *Croker* case (*supra,* p. 218): " The intent of that must have been that the description of the chattels should be plain enough, 'so that, amongst other things, the sheriff to whom it was delivered would be able to determine from it, with some degree of accuracy and intelligence, what he was required to replevy.''

The description in the case at bar is adequate. This package sought to be replevied is fully identified by date of deposit, in a specifically mentioned warehouse, in the name of the defendant, Rita Hipsley, under a specific identifying number for which a receipt was given to the defendant-depositor and it was this described package that was surrendered to the city marshal under the writ of replevin herein. The plaintiff's affidavit in opposition to the motion recites that he saw the package aforedescribed and that it was the same package that he had personally packed, sealed and mailed from the mentioned theatre of war operations.

The marshal's notice states that he took the afore-mentioned and afore-described package into his actual custody and possession.

The marshal appears to have experienced no difficulty whatever and it is evident that the description proved sufficient and adequate; that he encountered " no doubt as to what property is to be taken '' and that the description of the property was " plain enough '' to enable him to determine with accuracy and intelligence " what he was required to replevy.'' (*Croker* case, *supra,* p. 218.) Indeed, there is no claim by the defendant

Mrs. Hipsley that the marshal did not replevy the identical property described by the plaintiff.

I see no merit whatever to this contention.

Adverting now to the appellant's contention that letters may not be the subject of a replevin action, the claim is premised on the proposition that papers of this sort have no pecuniary or monetary value and hence are not " chattels " as used in the statute relating to replevin; that by " chattels " is meant only such personal property as has a pecuniary or monetary value and reliance is placed on the *Croker* case (235 App. Div. 216, *supra*) and *Bachmann-Bechtel Brewing Co.* v. *Gehl* (154 App. Div. 849). Both of these cases are distinguishable on the factual situation.

The *Bachmann* case (*supra*) involved a liquor certificate, which had a distinct refund value under the express terms of the statute, and it was held to be a chattel subject to replevin.

In the *Croker* case (*supra*) the plaintiff sought to recover certain correspondence, agreements, books, records and other documents which were alleged to have been wrongfully taken and retained by the defendants. There was no allegation that the mentioned property had any pecuniary or monetary value; in that respect they had no value and hence, it was held, could not be the subject of replevin.

The situation at bar is different. It is alleged by plaintiff, and not denied, that these letters contain case histories of patients and that they constitute the basis for the rendering of a bill by the plaintiff to his patients for the professional services rendered by him; that they are his records kept for the purpose. Such papers are not valueless but are of distinct pecuniary value to the plaintiff. Replevin will lie in such an instance (Cobbey on Replevin [2d ed.], § 76, p. 45). " Pecuniary " is that which relates to or is connected with money and certainly these papers which are the records of advice and treatment and of the nature of the services rendered have a value since it is by their use that plaintiff can obtain monetary benefits, in establishing a charge for his services and be enabled to render a bill and statement. Such papers therefore possess a pecuniary value.

In *Drake* v. *Auerbach* (37 Minn. 505), pending a dispute over the cost of constructing a building, the plaintiff, at defendant's request, furnished him with certain vouchers, a general statement of expenditures and an affidavit of its correctness made by his bookkeeper. These were delivered for inspection only and were the sole means by which the plaintiff was able to fix

his charges to the defendant; the defendant refused to return the documents. Plaintiff brought replevin and the defendant contended that there could be no basis for a recovery as the papers had no market value. Plaintiff recovered and a new trial was sought and refused; upon appeal the order denying a new trial was affirmed.

Speaking of the value of such papers, the court said (pp. 506–507): " These were furnished, and when delivered were plaintiff's property, and to him of more or less value, dependent wholly upon circumstances. * * * The appellants claim that the testimony is wholly insufficient to warrant the jury in fixing the value of the property at the sum specified in the verdict. These papers have no market value, and the customary rule in replevin cannot be adopted when measuring their worth. They have a peculiar value to plaintiff, governed largely by his needs and the purposes for which they may be utilized. In such cases, as in actions for conversion of property of a like character, much must be left to the sound discretion of the jury, and it is not error to allow the owner to recover their value to him, even if they are of trifling value to others."

If by means of these papers the plaintiff can fix a charge for the services he rendered to his patients, then such papers have a pecuniary value and he alleges that he can recover, by means of their use, at least, the sum of $100. It would be sufficient if by means thereof he could recover but one cent; they then have a pecuniary value.

The purpose of an allegation of value in replevin is twofold; to enable the plaintiff's damage to be assessed, and, also, to enable the defendant to obtain security or assurance of payment for deprivation of the replevied chattel or consequent damage. (Civ. Prac. Act, § 1099; Cobbey on Replevin [2d ed.], § 859, p. 456.)

In replevin, the title and right of possession to the property are the matters to be determined; the value of the goods is only important as fixing the amount of the penal sum in the bond (Thomas v. Spofford, 46 Me. 408). Moreover, the defendant Mrs. Hipsley herself agreed to a value not exceeding $50 so that she cannot be heard to now assert otherwise.

The documents are therefore chattels of pecuniary or monetary value and subject to an action in replevin.

I think, too, that in the public interest, these letters are to be held " chattels ", and to have at least a nominal pecuniary value for the purpose of permitting the maintenance of such an action.

The allegation of the plaintiff is that these papers contain case histories of patients and confidences and privileged communications between physician and patient. This is not denied.

The public policy of this State in respect to the matter of confidential communications is to be found in sections 349–355 of article 33 of the Civil Practice Act and the public policy of the State prohibits such disclosures, save with the consent of the party or someone authorized to waive the same.

In a situation like that at bar, where an unauthorized person obtains possession of records or documents containing confidential communications or professional information acquired as the result of such relationship, there is the possibility that these may be disclosed or revealed and that the object of the statute may be rendered wholly ineffective. The grave danger that might ensue to the public is obvious if an illegal possessor of such documents were immune from legal process to compel their surrender and return and replevin held unavailable because they lacked true pecuniary or monetary value.

For the purpose of preventing such a condition from existing and to preserve the solemn confidences intended by such enactment and to give force and effect to the statute and to attain the object intended to be accomplished by this legislation, it seems to me that the public interest requires, and, the maintenance of public policy justifies, a holding that they are chattels and that such an action is maintainable and that such papers or documents and records be held to have at least a nominal pecuniary value, sufficient to authorize an action in replevin to recover them as " chattels " (see *Suydam* v. *Jenkins*, 3 Sandf. 614, 621–622).

For the foregoing reasons it is my conclusion that insofar as it denies the motion to vacate requisition of replevin the order should be affirmed, with $10 costs. The appeal from so much of the order as denies motion to dismiss complaint and for discovery and inspection should be dismissed.

HAMMER, J., concurs; McLAUGHLIN, J., concurs in result.

Order affirmed, etc.