EFFIE B. OLIVER, Appellant, *v.* MARGARET R. FRENCH and Others, Respondents.

*A judgment at variance with the decision, is irregular — the irregularity must be specifically stated in the moving papers — rule 37 — a failure to specify the irregularity presumed on appeal to be the ground of denial of the motion.*

If the judgment entered in an action upon the decision of the court is not such as is authorized by the findings, it is irregular, and may be corrected upon motion. The motion to correct the same must, under the provisions of rule 37 of the General Rules of Practice, specify the irregularity complained of, and the expression of the opinion of the counsel for the party moving to correct the judgment (contained in the affidavit upon which an order was obtained to show cause why such judgment should not be canceled), that the judgment failed to conform in many particulars with the findings and conclusions of the trial judge, is not such a specification of the alleged irregularity of the judgment as under such rule calls the attention of the court specifically to the irregularity complained of. Where a motion is made to correct an alleged irregular judgment, if the irregularity is not specified in the notice of motion and the motion is denied, the court, upon appeal, may presume that the motion was denied on the ground of the defect in the notice.

APPEAL by the plaintiff, Effie B. Oliver, from an order of the Supreme Court, made at the Rensselaer Special Term and entered in the office of the clerk of the county of Columbia on the 2d day of April, 1894, dismissing an order to show cause why the judgment entered in this action in the office of the clerk of the county of Columbia on the 26th day of April, 1893, should not be corrected or amended to conform to the findings of fact and conclusions of law as found in said action, with notice of an intention to bring up for review upon such appeal said order.

*J. Rider Cady* and *Hale, Bulkeley & Tennant,* for the appellant.

*A. Frank B. Chace,* for the respondents.

MAYHAM, P. J.:

This action was tried by a judge who made and filed his conclusions of fact and law, none of which were excepted to on the trial.

Upon such findings the judge, after hearing the attorneys for the respective parties as to the form and substance of the decree to be entered in the action, made, signed and filed the same, and judgment was duly entered thereon.

Afterwards, on an order to show cause, granted by the trial judge, a motion was made by the plaintiff to modify the decree upon the ground that the same did not conform to the findings of fact and law found by such trial justice, and the plaintiff asked on such motion that the judgment be so modified as to make it conform to the facts and law found.

The judge denied such motion, and from the order denying the same the plaintiff appeals. The only question, therefore, before us on appeal to be considered is whether or not the decree conforms substantially with the facts found.

No decision separate from the findings of fact and law seems to have been made by the judge. The objection is taken by the respondents that the order to show cause, which in this matter operates as a notice of motion, is so defective, in not stating the precise irregularity complained of, that the motion was for that reason properly denied. Standing upon the order to show cause alone, such objection is well taken, but the appellant seems to rely upon the affidavit on which the order was granted to cure that defect.

The order was granted, as appears on its face, upon the affidavit of one of the counsel in the case, who states, from inspection of the findings of fact and conclusions of law, that such judgment, inadvertently or otherwise, fails to conform in many particulars with the findings of fact and conclusions of law; and upon the printed case, which appears in this record to contain ninety-two pages of printed matter, if the judgment is not such as is authorized by the findings it is irregular and may be corrected on motion. (*Howland* v. *Howland*, 20 Hun, 472; *Ingersoll* v. *Bostwick*, 22 N. Y. 425.)

Rule 37 of the General Rules of Practice of this court provides that when a motion is made to correct an irregularity, the motion or order shall specify the irregularity complained of.

The judge at Special Term wrote no opinion, and the precise ground upon which it was denied does not appear.

We do not think that the notice of motion or order to show cause and affidavit on which it was made specified the irregularity within the meaning of rule 37. The affidavit expressed the opinion and conviction of the affiant that the judgment failed to conform in many particulars with the findings and conclusions of the trial judge. Is that such a specification of the irregularity as, under the rule,

calls the attention of the judge at Special Term or this court specifically to the irregularity complained of? We think not. If the Special Term or this court were to examine the voluminous case, affidavit, order to show cause, findings and judgment, and make an analytical examination of all of these documents, the court might not be able to reach the alleged irregularity aimed at by the affidavits and order, while a concise statement in the moving papers could easily have directed the attention of the court to the alleged irregularity, and thus secured a definite determination of the precise point upon which a review could be taken and the exact point determined with definiteness and precision.

Such was, doubtless, the object of the rule and policy of the law. As the case is presented, this court cannot determine whether the Special Term disposed of the case upon the ground of the insufficiency of the motion papers or upon the merits. In *Lewis* v. *Graham* (16 Abb. 126) it was held that, where the irregularity is not specified in the notice and the motion is denied, the court on appeal may presume that the motion was denied on the ground of defect in the notice. (*Roche* v. *Ward*, 7 How. Pr. 416; *Baxter* v. *Arnold*, 9 id. 445.)

In the case at bar the learned trial judge, after a full hearing of the parties, with his findings of fact and law and judgment before him, denied the motion.

In the absence of any specific designation of the particulars, in which the judgment or decree is at variance with the findings of fact and law by the judge, I think his order denying the motion to modify the judgment must be affirmed.

Order affirmed, with ten dollars costs and printing disbursements, without prejudice to a renewal of the motion on additional papers, in compliance with rule 37 above referred to, on payment of costs of this motion.

HERRICK, J., concurred; PUTNAM, J., concurred in result.

Order affirmed, with ten dollars costs and printing and other disbursements, without prejudice to appellant's renewing motion.