(18 Misc. Rep. 661.)

## VAN DYKE v. NEW YORK STATE BANKING CO. et al.

(Supreme Court, Special Term, Onondaga County. December, 1896.)

1. REPLEVIN—AFFIDAVIT—DESCRIPTION OF PROPERTY.
   Code Civ. Proc. § 1695, providing that an affidavit in replevin shall "particularly describe the chattel to be replevied," requires a description from which the officer may determine with reasonable certainty what he is required to replevy, and therefore it is not complied with by a description unintelligible to any one except an expert in the business to which the chattels pertain.

2. SAME—AFFIDAVIT—AMENDMENTS.
   The court may permit an affidavit in replevin to be amended so as to more particularly describe the property to be replevied, since such amendment violates no "substantial right" (Code Civ. Proc. § 723) of defendant.

Replevin by John H. Van Dyke against the New York State Banking Company and others. An order was granted, on defendants' motion, to show cause why the proceedings had should not be vacated "on the ground that said proceedings are void, and that there is no sufficient affidavit or proof to confer jurisdiction," and on the further ground that the affidavit does not describe with sufficient certainty the chattels to be replevied.

Charles G. Baldwin, for the motion.

Thomas Hogan, opposed.

HISCOCK, J. The specific defects relied upon by defendants upon the argument of this motion were the alleged failure of plain-

tiff's affidavit in replevin to comply with the requirements of sections 1695 and 1712 of the Code, by—First, disclosing whether the agent and attorney making the same did so upon personal knowledge, or upon information and belief, and in the latter event in not stating the sources of information and belief; and, second, by containing a proper and adequate description of the chattels to be taken by the sheriff.

It is insisted by plaintiff that the first defect is not available to defendant upon the motion, even if it exists by reason of the omission of the order to show cause (here taking the place of a notice of motion) to particularly specify and point out for attack such alleged weakness in the affidavit. This claim of plaintiff seems to be well founded. There is nothing in the order to show cause definitely so calling attention to the alleged fault as seems to be necessary. Paddock v. Guyder (Sup.) 8 N. Y. Supp. 905; Stevens v. Middleton, 14 Wkly. Dig. 126; Kloh v. Fertilizer Co., 86 Hun, 266, 33 N. Y. Supp. 343; Oliver v. French, 82 Hun, 436, 31 N. Y. Supp. 740.

The second defect claimed in the affidavit was concededly pointed out in the motion papers with sufficient accuracy, the only question raised by plaintiff being whether said affidavit did comply with the section of the Code referred to, and "particularly describe the chattel to be replevied." It does not seem to me so to do. The words and characters used for that purpose are utterly unintelligible, at least to a person not an expert. Counsel for plaintiff was himself unable, upon the argument, to say what they meant. While it is possible, as suggested in his brief, that somebody would be found who would understand them, I do not think that is enough or a compliance with the Code. The intent of that must have been that the description of the chattels should be plain enough, so that, among other things, the sheriff to whom it was delivered would be able to determine from it, with some degree of accuracy and intelligence, what he was required to replevy.

In the event that the affidavit should be found defective, plaintiff, upon the argument of the motion, asked for leave to amend it. I do not see that any substantial rights of defendants can be impaired by allowing such relief in respect to the defect found to exist as above stated. The granting of it seems to be well within the law and precedents established in analogous cases, and is allowed upon payment of $10 costs. Code, § 723; Ethridge v. Orcutt, 12 N. Y. St. Rep. 372; Stone v. Pratt, 90 Hun, 39, 35 N. Y. Supp. 519; Mc-Adam v. Walbrau, 8 Civ. Proc. R. 451; Depew v. Leal, 2 Abb. Prac. 131; Babcock v. Kuntzsch, 85 Hun, 33, 32 N. Y. Supp. 587.

Ordered accordingly.