VAN BRUNT, P. J., PATTERSON, O'BRIEN and McLAUGHLIN, JJ., concurred.

Judgment affirmed, with costs.

---

L. HARDING ROGERS, JR., as Administrator, etc., of MARIE C. ROGERS, Deceased, Respondent, *v.* SWITS CONDÉ and APAMA I. CONDÉ, Appellants.

*Complaint in an action for the wrongful detention of chattels — sufficiency of.*

A complaint in an action for the wrongful detention of chattels, which alleges that the plaintiff's intestate at the time of her death was the owner of, and entitled to the immediate possession of, the chattels and that the plaintiff was duly appointed her administrator; that the defendants are in possession of the chattels, and that the plaintiff has demanded their delivery to him, and that

such demand has been refused, sufficiently complies with the requirement of section 1721 of the Code of Civil Procedure that such a complaint shall set forth the facts showing that the defendants' possession is unlawful.

APPEAL by the defendants, Swits Condé and another, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 26th day of October, 1901, upon the decision of the court rendered after a trial at the New York Special Term overruling a demurrer to the complaint.

*Marshall B. Clarke,* for the appellant.

*L. Harding Rogers, Jr.,* respondent, in person.

Judgment affirmed, with costs, on the opinion of the court below, with leave to the defendant to withdraw demurrer and answer on payment of costs in this court and in the court below.

The following is the opinion of SCOTT, J., delivered at Special Term:

SCOTT, J.:

It is not complained that the defendants wrongfully took the chattels sued for, nor is it alleged that they have converted them. All that is alleged is that they wrongfully detained them. The Code requires that in such a case the complaint must set forth the facts showing that the possession is wrongful, and the defendants insist that the complaint fails to set forth such facts. With this contention I cannot agree. The complaint sets forth that plaintiff's intestate, at her death, was the owner of and entitled to immediate possession of the chattels, and that he was duly appointed her administrator. *Prima facie* these facts not only entitled him as administrator to the possession of the chattels, but made it his duty to reduce them to possession. The complaint further shows that the defendants are in possession of the chattels, and that plaintiff has demanded their delivery to him, which demand has been refused by defendants. These facts, admitted by the demurrer, establish the plaintiff's right to possession, and show that the defendants' detention, in violation of his right, is wrongful. Section 1721 of the Code does not require the plaintiff in such an action to allege

the reasons which, as he may imagine, will be urged by the defendants in justification of their detention of the chattels, but merely the facts which, taken as true, show that the detention is unlawful. These facts are sufficiently set forth when it is alleged that the plaintiff is the owner of or entitled to the possession of the chattels in possession of defendants, and that defendants have refused to comply with a demand to deliver them up. (*Chapin* v. *Merchants' Nat. Bank*, 31 Hun, 529.) I find nothing against this view in *Scofield* v. *Whitelegge* (49 N. Y. 259), or *Seifret* v. *Kraft* (13 Civ. Proc. Rep. 321). In neither case was there an allegation of demand and refusal, and in the former case there was no allegation of ownership by plaintiff. Demurrer overruled, with costs, with leave to withdraw demurrer and answer within twenty days upon payment of costs.