BURDICK et al. v. CHESEBROUGH.

(Supreme Court, Appellate Division, Third Department.   May 4, 1904.)

1. PLEADING—CHATTELS—OWNERSHIP—SUFFICIENCY OF ALLEGATION.

   In replevin for a chattel, an allegation that "said plaintiffs were the owners thereof as hereinbefore stated," is not an allegation of ownership at the time the action was commenced, within Code Civ. Proc. § 1720, making such an allegation a sufficient statement of title

2. SAME—CONCLUSIONS OF LAW.

   In replevin for a chattel, allegations that when defendant wrongfully and unlawfully took the property plaintiffs were the owners thereof, as before stated in the complaint, and were entitled to immediate possession, were mere conclusions of law on the facts stated in the complaint.

3. SAME—DEMURRER—EFFECT—ADMISSION OF FACTS.

   The sufficiency of a complaint is to be determined by the facts stated, and not by conclusions, and conclusions from other facts stated are not admitted by demurrer.

4. SAME—TREASURE TROVE—TITLE—OWNER OF REALTY.

   Personal property deposited beneath the surface of the soil, and so left until the place of deposit is forgotten, and the owner or his personal representatives cannot be found, becomes, as a part of the soil, the property of the owner of the realty, and passes by gift, sale, or descent, as a part of the realty, and, if discovered and removed from the soil, it becomes the personal property of the owner of the realty as against every one but the true owner, and not the property of the finder.

5. SAME—PLEADING—TITLE IN EXECUTORS.

   In replevin by executors for a chattel, allegations that the chattel had been deposited in the soil of the real property for many years prior to the death of plaintiffs' testator, do not, as a matter of law, show that plaintiffs are the owners, or are entitled to the possession, of the chattel, where the complaint further shows that at the time of testator's death, the chattel was still deposited in the soil, and was hence a part of the realty.

Appeal from Trial Term, Madison County.

Action by Arthur H. Burdick and Edgar F. Burdick, individually and as executors of the will of Henry F. Burdick, deceased, against Marion Chesebrough.   From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals.   Reversed.

The plaintiffs, by their complaint, alleged that Henry F. Burdick died on the 23d day of March, 1903, leaving a last will and testament, which has been duly admitted to probate; that they were named as executors in said will, and that letters testamentary have been duly issued to them.   The complaint further alleged: "That in and by said will the said Henry F. Burdick devised and bequeathed the undivided two-thirds of his estate, both real and personal, to the said plaintiffs.   That at the time of his death the said Henry F. Burdick was, and for many years had been, the owner of, and had the legal title to, the following described real estate.   * * *   That at the death of the said Henry F. Burdick the said plaintiffs, under and by virtue of said

¶ 4. See Finding Lost Goods, vol. 23, Cent. Dig. §§ 1, 2, 9.

will, became the owners of, and had the legal title to, the undivided two-thirds part of said real estate, and entitled to the undivided two-thirds of the personal estate of the said Henry F. Burdick, deceased. The said plaintiffs further state that at the time of the death of the said Henry F. Burdick, deceased, there was deposited, and for many years prior thereto had been deposited, in the soil upon the real estate hereinbefore described, the following property, being very valuable earthenware, to wit. * * * The said plaintiffs further allege that on or about the 28th day of March, 1903, the said defendant wrongfully and unlawfully took said property out of the soil where it was deposited upon said farm, and wrongfully and unlawfully took the above-described property into his possession, and wrongfully and unlawfully detains the same from the said plaintiffs. The said plaintiffs further allege that at the time said defendant wrongfully and unlawfully took the said property into his possession the said plaintiffs were the owners thereof, as hereinbefore stated, and were entitled to the immediate possession thereof. That on or about the 5th day of May, 1903, the said plaintiffs demanded of the said defendant that he deliver to them the possession of said property as the owners thereof, which the said defendant refused to do." The complaint demands judgment for the possession of said personal property and for damages, and, in case possession of said personal property cannot be had, then for the value thereof and for damages. The defendant demurred to said complaint on the following grounds: "First. That there is a misjoinder of parties plaintiff herein, in that it appears by said complaint that the plaintiffs, Arthur H. Burdick and Edgar F. Burdick, as executors of the last will and testament of Henry F. Burdick, deceased, have no cause of action upon, and no interest in, the matters alleged in said complaint against this defendant. (2) And that there is a misjoinder of parties plaintiff herein, in that it appears by said complaint that the plaintiffs, Arthur H. Burdick and Edgar F. Burdick, if having any title to the earthenware described in the complaint and sought to be recovered herein, are tenants in common thereof; and as such tenants in common the said plaintiffs cannot join in maintaining this action for the recovery thereof. Second. That there is a defect of parties plaintiff herein, in that it appears by said complaint that, if the plaintiffs have any title or right of possession to the earthenware described in the complaint, and sought to be recovered herein, then some person or persons other than the plaintiffs, whose name or names is or are undisclosed, is the owner or are the owners of an undivided one-third part of said earthenware, and is or are not joined as plaintiff or plaintiffs, defendant or defendants, herein; and such owner or owners of such one-third part of said earthenware is a necessary party, or are necessary parties plaintiff herein. Third. That the complaint herein does not state facts sufficient to constitute a cause of action." The issue of law joined by the service of the demurrer was tried, and said demurrer overruled. This appeal is taken from the interlocutory judgment overruling said demurrer.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Adon P. Brown, for appellants.
E. W. Cushman (Joseph Mason, of counsel), for respondent.

CHASE, J. We think that the demurrer should have been sustained. The complaint does not contain an unqualified allegation of ownership or right to the possession of the earthenware in the plaintiffs. The allegation of ownership is, "Said plaintiffs were the owners thereof, as hereinbefore stated." Even this allegation does not relate to the time of the commencement of the action. Code Civ. Proc. § 1720. The allegations relating to the ownership and right to the possession of the earthenware, and as to the defendant's taking the same wrongfully and unlawfully as against the plaintiffs, are conclusions of law on the facts in the complaint stated. The

sufficiency of the complaint must be determined by the facts stated, and not by conclusions. Lange v. Benedict, 73 N. Y. 12, 29 Am. Rep. 80; Savage v. City of Buffalo, 50 App. Div. 136, 63 N. Y. Supp. 941. Where an allegation contained in a complaint is a conclusion from the other facts therein stated, it is not to be deemed admitted by a demurrer. Rector, etc., v. Huntingdon, 82 Hun, 125, 31 N. Y. Supp. 91.

The facts stated in the complaint are, briefly, that the plaintiffs' testator died March 23, 1903, and that at the time of his death he was the owner of certain real property upon which "there was deposited, and for many years prior thereto had been deposited, in the soil upon the real estate" certain earthenware; that said testator, by his will, named the plaintiffs as his executors, and that said will has been admitted to probate, and that letters testamentary have been issued to the plaintiffs; that plaintiffs, "under and by virtue of said will, became the owners of and had the legal title to the undivided two-thirds part of said real estate, and entitled to the undivided two-thirds of the personal estate" of said testator; that defendant, on March 28, 1903, took said earthenware out of the soil, where it was deposited upon said farm, and took the same into his possession, and retains the same, and that on May 5, 1903, he refused to deliver it to the plaintiffs on demand. The complaint does not disclose by whom, nor under what circumstances, said earthenware was deposited in the soil of said real property. It may, so far as appears, have been deposited therein by the defendant, or by some one under whom he claims. Whether it was so deposited by some one other than the owner of the real property, or by an owner of the real property, or under an agreement with such owner of the real property, by which it was there to remain for an express purpose or for a prescribed period of time is left wholly to conjecture. So, too, the complaint fails to show whether the owner of the earthenware is known, or whether it had been so deposited such a length of time that all knowledge thereof and of the person who had thus deposited it and of his personal representatives had been lost to memory. The complaint is wholly barren of any facts relating to the history and ownership of said earthenware. The plaintiffs, as the personal representatives of the testator, and individually as the owners of an undivided interest in the real and personal property left by the testator, base their ownership of said earthenware upon the simple fact that it was deposited for many years in said real property so owned by their testator at the time of his death. Such claim on the part of the plaintiffs makes it necessary for us to consider briefly the ownership and the rights of finders of personal property.

An unqualified owner of personal property is entitled to the possession thereof. Such ownership may be transferred by sale, by gift, or by descent. If personal property is thrown upon the surface of the soil and abandoned, it will become the property of the person who finds and appropriates it, without reference to the ownership of the real property upon which it is found or from which it is taken. If personal property is lost, it becomes, as against all per-

sons other than the owner thereof, the property of the finder who appropriates it. See White v. Daniels (Sup.) 57 N. Y. Supp. 305. If personal property is deposited beneath the surface of the soil, and so left until the place where it is so deposited is forgotten, and the owner thereof, if living, or his personal representatives, if he is dead, cannot be found, such personal property so in the possession of the owner of the soil becomes as a part of the soil the property of the owner of the real property, and such personal property passes by gift, sale, or descent of said real property as a part thereof. When it is discovered and removed from the soil, as against every one but the owner it becomes the personal property of the owners of such real property, and not the property of the finder thereof.

The language of the court in the case of Elwees v. Briggs Gas Company, 33 Chancery Division English Law Reports, 562, is applicable to this case. In that case lessees of real property, in making an excavation, uncovered an ancient ship or boat some 2,000 years old. The action was brought by the owner of the real property against the lessees who had uncovered it, and the court say:

"The first question that does actually arise in this case is whether the boat belonged to the plaintiff at the time of granting the lease. I hold that it did, whether it ought to be regarded as a mineral or as a part of the soil within the maxim above cited, or as a chattel. If it was a mineral or part of the soil in the sense above indicated, then it clearly belonged to the owners of the inheritance as part of the inheritance itself. But if it were to be regarded as a chattel, I hold the property in the chattel was vested in the plaintiff, for the following reasons: Being entitled to the inheritance, and in lawful possession, he was in possession of the ground; not merely of the surface, but of everything that lay beneath the surface down to the center of the earth; and consequently in possession of the boat. * * * The boat was embedded in the land. A mere trespasser could not have taken possession of it. He could only have come at it by further acts of trespass involving spoil and waste of inheritance. The plaintiff then being in possession of the chattel, it follows that the property in the chattel was vested in him. Obviously, the right of the original owner could not be established. It had for centuries been lost or barred, even supposing that the property had not been abandoned when the boat was first left on the spot where it was found. The plaintiff then had a lawful possession, good against all the world; and therefore the property in the boat. In my opinion it makes no difference in these circumstances that the plaintiff was not aware of the existence of the boat. * * * Further if it ought to be regarded as a chattel, the defendants did not acquire any property in the chattel by the mere finding as against the plaintiff, who upon the grounds already stated was the owner of the chattel."

The allegations of the complaint that said earthenware had been deposited in the soil of said real property for many years prior to the death of the plaintiffs' testator do not, as a matter of law, show that the plaintiffs are the owners nor entitled to the possession thereof. Even if the complaint contained allegations stating that the owner of the earthenware so deposited could not be found, it would nevertheless appear upon the face of the complaint that at the time of the testator's death the earthenware remained deposited in the soil, and that such title thereto as the testator then had passed with the real property to the persons to whom the real property was devised, and that the plaintiffs, as executors, obtained no interest therein; and if the title to said earthenware passed with the said real property to the devisees thereof, then it appears upon the face

of the complaint that the plaintiffs individually are but part of the owners in common thereof.

In any aspect of the case, we think that the defendant's demurrer must be sustained. The judgment should be reversed, with costs, and interlocutory judgment directed sustaining demurrer, with costs, with leave to plaintiffs to serve within 20 days an amended complaint on payment of costs of demurrer and of this appeal. All concur.