UNION BAG & PAPER CO. v. ALLEN BROS. CO. et al.

(Supreme Court, Appellate Division, Third Department. May 20, 1904.)

1. REFEREES—JUDGMENT—ALTERATION—SPECIAL TERM—POWERS.
   Where a referee appointed to hear and determine a suit made and delivered his decision or report, his functions and power with reference to the case were ended, and neither the referee nor the court at Special Term had any power thereafter to alter or change the decision in matter of substance.

2. SAME—SETTLEMENT OF DECREE.
   Where a referee had made and delivered his decision or report, the duty of settling a decree devolved on the court at Special Term, and not on the referee.

3. SAME—JURISDICTION—SCOPE.
   The jurisdiction of the court at Special Term to settle a decree in a case tried and determined by a referee is confined to the making of a decree conforming to the decision of the referee.

4. SAME—PROPOSED DECREE—OMISSIONS—AMENDMENT—MOTION TO VACATE.
   Where a proposed decree entered on a referee's report filed by defendants after notice omitted certain recitals claimed by the opposite party to be essential, his remedy was a motion to amend the decree as entered, specifying the respects in which it should be amended to make it conform to the decision, and not a motion to vacate the decree as entered.

   Chase and Houghton, JJ., dissenting in part.

Appeal from Special Term, Washington County.

Action by the Union Bag & Paper Company against the Allen Bros. Company and others. From an order vacating a judgment entered on 'a referee's report, defendants appeal. Reversed.

The order appealed from vacates the judgment herein, and directs a reference to the referee who tried the case, "to settle and approve some form of judgment to be entered in this action in accordance with the referee's report and findings made herein, * *· * and that he report the same to this court, with his recommendations thereon." The action was in equity, and was brought for the purpose of having certain water rights of the parties determined—especially in relation to the respective amounts of water for power which the parties were entitled to take from the Hudson river at Baker's Falls, Sandy Hill, from a dam and raceway there—and of enjoining the defendants from interfering therewith, and from taking more than certain specified amounts of such water from such raceway, and for other relief. The issues framed by the answer were referred to a referee to hear and determine. The 'referee made his decision, stating the facts found by him and conclusions of law separately. He also made rulings upon certain requests of the respective parties for findings, which were not included in his main decision. In such decision he finds in his ninth finding of fact as follows: "(9) That the quantity of water which the defendant Allen Bros. Company is entitled to draw and use from the said raceway at its present width and depth is $620/1915$ or nearly one-third, of the flow of water in the said raceway at a depth of water therein of nine feet, at least, before lowering by discharge or use, but at such less depth as such discharge or use causes." He also finds as a conclusion of law "that the defendant Allen Bros. Company has the right prior to the right of the plaintiff to draw from said raceway or flume and use the quantity of water stated in the above finding 9, to be measured as therein stated, except that the plaintiff has the concurrent right to draw and use therefrom $120/1915$ of the entire flow, under the head of nine feet qualified as stated in finding 9, and after the defendant Allen Bros. Company's right to use $270/620$ of its portion." In such decision the referee also states that

¶ 3. See Judgment, vol. 30, Cent. Dig. § 455.

"judgment is directed declaring the rights of the parties as herein set forth, and that the plaintiff and defendant Allen Bros. Company be enjoined, each as to the other, from interfering with the other in the lawful exercise of its right so declared. In case the details necessary to be stated in the judgment in order to carry into effect be not agreed upon by the parties, they may be settled before me, or otherwise as the court may order." The decision was made in duplicate, and delivered by the referee simultaneously to the plaintiff's and to the defendants' attorneys. The latter paid the referee's fees, filed the decision in the clerk's office October 30, 1903, and on November 3d served a copy of the same, with notice of filing, upon the plaintiff's attorneys. On November 16th, the plaintiff's attorneys having claimed that the referee's rulings upon requests should be considered as a part of his report, the defendants' attorneys filed such requests and rulings, and served notice of such filing upon plaintiff's attorneys, and at the same time submitted to them a draft of a judgment which defendants' attorneys proposed to enter, with the request that the former would examine it as soon as convenient, and inform them as to whether it was satisfactory as to form, and, if not, in what respect they would prefer that it be changed. In response to this request the plaintiff's attorneys wrote to the defendants' attorneys under date of November 18, 1903, "We will examine the copy of proposed decree which you inclose as soon as we reasonably can and write to you in regard to it." Defendants' attorneys, hearing nothing further from the plaintiff's attorneys, entered the proposed judgment in the clerk's office on the 10th of December, 1903, and on the following day served a copy thereof on the plaintiff's attorneys, with notice of entry. Some further correspondence followed, when the motion was made by the plaintiff's attorneys which resulted in the order appealed from.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Hand & Hale, for appellants.
Alfred B. Thacher, for respondent.

CHESTER, J.   The referee having made and delivered his decision or report, his functions and power with reference to the case were ended, and neither the referee nor the court at Special Term had any power to alter or change the decision in any matter of substance. Heath v. New York Building Loan Banking Co., 146 N. Y. 260, 40 N. E. 770; Kennedy v. McKone (No. 2) 10 App. Div. 97, 41 N. Y. Supp. 577. Neither had the referee in such a case any power to settle a decree. That duty rested upon the court at Special Term, whose power in so settling it was confined to making the decree conform to the decision as made. The learned justice at Special Term undoubtedly had these principles in mind, for the order made by him is one referring it to the referee who tried the case "to settle and approve some form of judgment in accordance with the referee's report and findings herein, * * * and report to this court, with his recommendations." If the judgment had not been entered, and that was all there was of the order, we might be inclined, under the circumstances of this case, to approve of it; but the order goes further, and vacates the judgment which has been entered. The court would undoubtedly have the power to vacate the judgment entered if it appeared that it did not conform to the decision of the referee. So far as it goes, it does not appear that it contains anything that was not decided by the referee. The counsel for the respondent, indeed, fails to point out anything in the judgment as entered which is not authorized by the decision made. He does point out, however, that the decree does not contain all that was decided, and this

is practically conceded by the appellants' counsel, so far as it relates to the injunction in favor of the plaintiff and against the defendants. In this respect the counsel for the appellants offered in the Special Term that the decree might be amended so as to include the matter so omitted. The counsel for the respondent insists, however, that there are omissions in other respects in the decree as entered, but he fails to specifically point out such omissions by way of proposed amendments. If there are any such omissions, his remedy was to make a motion to amend the decree as entered, instead of to move to vacate it, and on such motion to specify clearly in what respect it should be amended to make it conform to the decision. Oliver v. French, 82 Hun, 436, 31 N. Y. Supp. 740.

While, after the trial of issues of fact by a referee, and a report thereon, it has been the usual practice, in the absence of an agreement between the attorneys for the respective parties as to the form of the judgment, to have the same settled by the court, and while the duties of the clerk are wholly ministerial, nevertheless the clerk has the power, under section 1228 of the Code of Civil Procedure, after such a trial and decision, to enter judgment as directed by the decision, upon filing such decision in his office.

The fact that there were numerous rulings by the referee upon the requests of the respective parties for findings undoubtedly added to the difficulty in preparing a judgment in conformity with the decision, yet, the defendants' attorneys having prepared a judgment following what they deemed to be the directions in the decision with respect to it, and having submitted such judgment to the plaintiff's attorneys for their suggestions, the failure of the latter to respond for upwards of 20 days with any criticisms upon it, or with any suggested changes, justified the defendants' attorneys, without further delaying the matter, in procuring the clerk to enter the judgment, leaving the plaintiff's attorneys to move to amend it if it did not conform to the decision in all respects. We are not prepared to say, under the circumstances of this case, that the judgment was improperly entered by the clerk, and we think it should not have been vacated.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs, with leave, however, to plaintiff to move to amend the judgment to conform to the decision. All concur, except CHASE and HOUGHTON, JJ., who concur to reverse that part of the order appointing referee only.