BRENKER v. DLATT et al.

(City Court of New York, Special Term. March, 1909.)

1. REPLEVIN (§ 51*)—MOTION TO VACATE—GROUNDS—WAIVER.
  A defect in the affidavit of plaintiff in replevin, not specified in the notice of motion to vacate the writ, cannot be urged as a ground of the motion.
  [Ed. Note.—For other cases, see Replevin, Dec. Dig. § 51.*]

2. REPLEVIN (§ 32*)—AFFIDAVIT—OBJECTIONS—WAIVER.
  Irregularities in a replevin affidavit are waived by excepting to the sureties on the undertaking given by plaintiff.
  [Ed. Note.—For other cases, see Replevin, Dec. Dig. § 32.*]

Replevin by David Brenker against Moses Dlatt and another. One of the defendants moves for an order vacating the requisition issued to the sheriff. Motion denied, with leave to defendant to make such other motion as he may be advised.

M. & B. Jaffe, for plaintiff.
J. S. Freedman, for defendants.

FINELITE, J. This is a motion made by one of the defendants why an order should not be granted vacating the requisition on replevin issued herein to the sheriff of the county of New York on the 27th of February, 1909, upon the ground that the affidavit on which the said writ was granted fails to set forth facts sufficient to confer jurisdiction on this court to grant such writ, and, further, that said affidavit fails properly to allege the wrongful detention by the defendants of the property described in the affidavit, and for such other and further relief as may be just.

The plaintiff urges two preliminary objections to the moving papers of the defendant, and if these objections are tenable, as urged by the plaintiff, there is no necessity of the court passing upon the merits of the motion. The objections are as follows: First, that the objections to the plaintiff's affidavit in the replevin herein are not distinctly specified in the notice of motion; second, that the defendants, on the 1st day of March, 1909, excepted to the said undertaking which was given to the sheriff on the replevin.

As to the first objection urged, the plaintiff is correct, for the reason that if any defect exists in the affidavit on the replevin, and not specified in the notice of motion to vacate the writ of replevin, defendant cannot urge the same as a ground to vacate the writ of replevin. This seems to have been the settled practice in this department. See Van

Dyke v. N. Y. State Banking Co., 18 Misc. Rep. 661, 43 N. Y. Supp. 735; Kloh v. N. Y. Fertilizer Co., 86 Hun, 266, 33 N. Y. Supp. 343; Oliver v. French, 82 Hun, 436, 31 N. Y. Supp. 740.

As to the second objection, defendant, having excepted to the sureties on the undertaking herein, has waived all irregularities in the affidavit on which the requisition is founded. Hyde v. Patterson, 1 Abb. Prac. 248; Wisconsin Marine & Fire Ins. Co. Bank v. Hobbs, 22 How. Prac. 494.

Motion denied, no costs, with leave to the defendant to make such other motion as he may be advised. Settle order on one day's notice.