(163 App. Div. 68)
WAGMAN v. RAYNOR. (No. 160–101.)

(Supreme Court, Appellate Division, Third Department. July 1, 1914.)

REPLEVIN (§ 60*)—PLEADING—UNLAWFUL DETENTION—STATUTE.
　　Under Code Civ. Proc. §§ 1720, 1721, a complaint alleging that plaintiff, at the commencement of the action, was the owner and entitled to the immediate possession of the chattel, which was in defendant's possession, and that defendant, after due demand refused to deliver it and wrongfully detained it, was sufficient to sustain an action for wrongful detention, since the allegation of ownership showed that the detention was wrongful.

　　[Ed. Note.—For other cases, see Replevin, Cent. Dig. §§ 219–222; Dec. Dig. § 60.*]

Appeal from Special Term, Saratoga County.

Action by John Wagman against John H. Raynor. From an order overruling defendant's demurrer to the second amended complaint, defendant appeals. Affirmed, with leave to defendant to withdraw demurrer and answer.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Jesse Stiles, of Saratoga Springs, for appellant.
Corliss Sheldon, of Saratoga Springs, for respondent.

WOODWARD, J. The complaint alleges that:

"The plaintiff is, and at the time of the commencement of this action and during all times hereinafter mentioned was, the owner, and entitled to the immediate possession of the following described chattel, viz.: One tall hall clock known as the Grandfather Wagman clock, which formerly belonged to the plaintiff's grandfather, which was, and is, of the value of at least $75; that during all the times hereinafter mentioned the said chattel was in the possession of said defendant, and still remained in his possession at the time of the commencement of this action; that prior to the commencement of this action, and on the 20th day of February, 1913, this plaintiff duly demanded said chattel from said defendant, who refused and neglected to deliver the same to this plaintiff, and wrongfully detained and withheld said chattel from this plaintiff; and ever since has wrongfully detained and withheld said chattel from this plaintiff, to plaintiff's damage in the sum of $25."

An appropriate remedy is demanded.

The defendant demurs to the complaint upon the ground that it does not state facts sufficient to constitute a cause of action, and this demurrer has been overruled, appeal coming to this court. The defendant's theory appears to be that as the action does not complain of the taking of the clock, but upon the wrongful detention, the complaint is deficient because it fails to set out the facts on which the ownership depends under the provisions of the last clause of section 1721 of the Code of Civil Procedure, and Scofield v. Whitelegge, 49 N. Y. 259, 261, is relied upon as authority for the contention, as well as Rose v Meyer, 7 Civ. Proc. R. 219. There can be no question as to the authority of the principal case, upon the facts before the court at that

time, but it has no application to the facts here pleaded.  Section 1720 provides that:

An "allegation, in a pleading interposed by either party, to the effect that the party pleading, or a third person, was, at the time when the action was commenced, or the chattel was replevied, as the case may be, the owner of the chattel, or' that it was· then his property, is a sufficient statement of title, unless the right of action or defense rests upon a right of possession, by virtue of a special property; in which case, the pleading must set forth the facts, upon which the special property depends, so as to show that, at the time when the action was commenced, or the chattel was replevied, as the case may be, the party pleading, or the third person, was entitled to the possession of the chattel."

What is necessary in a case of special property is fully developed in the case of Burdick v. Chesebrough, 94 App. Div. 532, 88 N. Y. Supp. 13, and need not be here discussed.  The plaintiff alleges in his complaint absolute ownership of the chattel in question, and that is clearly sufficient upon that point.  Then section 1721 of the Code of Civil Procedure provides that:

"Where the complaint contains a sufficient statement of the plaintiff's title, a general allegation that the defendant wrongfully took the chattel, is sufficient, without setting forth the facts, showing that the taking was wrongful."

This is not the plaintiff's case; he does not contend that the defendant wrongfully took the chattel, but that he wrongfully detains it, and the same section of the Code of Civil Procedure provides for this case by requiring that:

"Where the taking of the chattel is not complained of, but the action is founded upon its wrongful detention, the complaint must set forth the facts, showing that the detention was wrongful."

That is, he must show that he has, as the owner, demanded the possession of the chattel, in order to put the defendant in the wrong, or that there is some other fact which puts the defendant in the wrong, and that is all that this provision of the Code means; it has nothing to do with the facts relating to the title, but the facts which show "that the detention was wrongful."  In Rogers v. Conde, 67 App. Div. 130, 74 N. Y. Supp. 390, it was held that a complaint, stating that plaintiff's intestate was the owner and entitled to the possession of certain chattels, and that the defendant, having possession thereof, had refused to deliver on demand, was sufficient to show defendant's unlawful possession.  In Scofield v. Whitelegge, supra, the court say:

"The complaint in this action does not in terms show any right or title in the plaintiff upon which the former action of replevin would lie. * * * The plaintiff says that the defendant wrongfully detains from him the piano. The fact involved in that statement is that he detains it. Granted, then, that he ·detains it. Why is it wrongful? Because the plaintiff is the owner by general or special right of property, and entitled to the immediate possession. But these are the facts * * * to be shown. They have not been averred. How then can they be shown?"

That was the situation there; there was no averment of ownership, either general or special, and without such an averment the facts could not be established to show that the defendant's possession was wrong-

ful; but in the case now under consideration the plaintiff has met the requirements; he has alleged ownership and right to possession, and to show that the defendant's detention was wrongful he alleges that he, the owner with right to immediate possession, demanded the same, and that the defendant has refused to deliver. This is all that is required, and the defendant, who has interposed a technical demurrer, has failed to appreciate the technical distinction between allegations in reference to title and those in reference to the wrongful detention. It is not a mistake to be technical in pleadings; much of the criticism of the courts would be obviated if there was a more rigid adherence to technical, which merely means accurate, rules of pleading, but the technical pleader should himself be accurate in his reading of code provisions, which would save a vast amount of work and delay in the disposing of litigation. None of the authorities cited by the appellant have any relation to the pleadings in this case, and the demurrer was properly overruled.

The order appealed from should be affirmed, with costs. All concur; SMITH, P. J., in result.