NORTHWEST ENGINEERING COMPANY, Plaintiff, *v.* JOSEPH R. RAPPL and Another, Doing Business under the Firm Name and Style of RAPPL & HOENIG Co., Defendants.

Supreme Court, Monroe County, July 11, 1928.

**Replevin — requisition — requisition vacated for failure to set forth cause of detention of property replevied, as required by Civil Practice Act, §§ 1095, 1096, subd. 4 — said defect is jurisdictional and cannot be cured, under Civil Practice Act, § 105.**

A motion by the defendant to vacate plaintiff's requisition in replevin is granted, since it appears that the affidavit is jurisdictionally defective in that it fails to state the alleged cause of the detention of the property replevined, as required by section 1095 and subdivision 4 of section 1096 of the Civil Practice Act.

The defect is jurisdictional and is not a defect that may be supplied or disregarded, under section 105 of the Civil Practice Act.

MOTION by defendants to vacate plaintiff's requisition in replevin.

*Lynn Brothers,* for the plaintiff.

*Bryan & Bryan,* for the defendants.

THOMPSON, J. Without doubt the affidavit is defective in that it fails to set forth the alleged cause of the detention of the property replevined " according to the best knowledge, information and

32

belief of the person making the affidavit." (Civ. Prac. Act, §§ 1095, 1096, subd. 4; *Wagman* v. *Raynor*, 163 App. Div. 68.)

It appears that before any action was taken on the part of the plaintiff it made a demand on the defendants for the return of the machine, and it was refused. So plaintiff here asks permission to amend its affidavit by inserting a clause setting forth these facts.

This is not such a mistake, omission, irregularity or defect as may be corrected or supplied, or which must be disregarded. (Civ. Prac. Act, § 105.)

The failure of the affidavit to meet this requirement goes to the validity of the writ itself and makes it void, everything necessary to the issuance thereof being jurisdictional. (23 R. C. L. 920.)

Doubtless irregularities not essential to jurisdiction or in prejudice of substantial rights may be thus corrected. (*Colcord* v. *Banco de Tamaulipas*, 191 App. Div. 94, 97; *Van Dyke* v. *N. Y. State Banking Co.*, 18 Misc. 661; *Sulzbacher* v. *Cawthra & Co.*, 14 id. 545; affd., on opinion blow, 148 N. Y. 755.)

Sufficient appears to establish that such an irregularity is not under consideration here.

Before an omission may be supplied or a mistake corrected in a proceeding of this character, jurisdiction of the person, property and cause of action must have been regularly acquired. (*Dexter & Carpenter, Inc.*, v. *Lake & Export C. Corp.*, 196 App. Div. 766.)

" Section 768 of the Code of Civil Procedure [now Civ. Prac. Act, § 105], which permits the curing of technical defects or insufficiencies * * * cannot be used to cure defects which go to the jurisdiction of the court. Before the court can make an order in an action to cure defects in the proceedings it must obtain jurisdiction of the cause." (*Conklin* v. *Federal Trust Co.*, 176 App. Div. 572.)

If these observations are correct, the court has not power to permit the plaintiff to amend its affidavit, and the motion must be granted.

Motion granted, with costs. So ordered.