EARL E. SMITH, Respondent, *v.* WEBACO OIL COMPANY, INC., Appellant.

Fourth Department, June 30, 1931.

*H. Douglass Van Duser*, for the appellant.

*Peter G. Smith*, for the respondent.

PER CURIAM. In this action for the possession of a certificate of stock, the cause of action is based on a wrongful detention after a demand. (*Wagman* v. *Raynor*, 163 App. Div. 68.) The order directs defendant's president to submit to an examination as to the manner in which the defendant came into possession of the certificate and as to the value of the stock interest which it represents. Under the form the pleadings have taken, the manner in which the defendant came into possession of the certificate is not a necessary element of plaintiff's cause of action. It is, however, necessary for the plaintiff to show that defendant was in possession of the certificate at the time the plaintiff demanded possession. (*Nichols* v. *Michael*, 23 N. Y. 264.) This, however, is not the subject of examination specified in the order.

The order further provides for an examination of the defendant's president as to the value of the stock represented by the certificate and for an inspection of the books of account of the defendant. The value of the certificate sought to be replevied is not necessarily the value of the stock represented by the certificate. To be sure it has value, for its replacement by a new certificate cannot be required without a legal proceeding, but its value is not shown to be the value of the stock which it represents.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs, without prejudice to a motion to examine defendant's president as to the defendant's possession of the certificate at the time of the demand.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, without prejudice to a motion to examine the defendant's president as to the defendant's possession of the certificate at the time of the demand.