IRA B. CANTOR, Plaintiff, *v.* THE PENNSYLVANIA RAILROAD COMPANY, Defendant.

Municipal Court of New York, Borough of Manhattan, Fifth District, March 23, 1934.

*Alvaro J. Adams,* for the plaintiff.

*O'Brien, Boardman, Hewitt, Memhard & Early* [*Peter Keber* of counsel], for the defendant.

EDER, J. Plaintiff sues to recover the unused value of a season commutation ticket issued by defendant which was confiscated and forfeited when presented by a third person in order to obtain passage over the defendant's lines.

Plaintiff testified he lost the ticket and that it came into the possession of the third person without his knowledge, permission or consent. This is undisputed, no evidence being offered by the defendant to the contrary. Defendant also admits it has possession of the ticket.

The defendant contends that under the Interstate Commerce Act, and the defendant's tariffs filed pursuant thereto, and the ticket conditions and regulations, its confiscation and forfeiture of the ticket were justified and that plaintiff cannot recover. I am unable to accept this view.

Tariff Interstate Commerce Commission No. 5252, referring to and governing " the forfeiture of tickets," in subdivision 1 provides that " A ticket * * * issued for the exclusive use of a desig-

nated person, shall be forfeited if tendered for the transportation of any other person."

Rule 4 (b) of the ticket rules and regulations of the defendant provides for a 100-ride season ticket " for the personal use of the purchaser." And rule 14, " forfeiture of tickets," provides that " A ticket· * * * shall be forfeited * * * by its tender for any other person than the purchaser."

Concededly, plaintiff did not tender the ticket at the time of its confiscation and forfeiture.

Defendant contends that the provision of forfeiture contained in the ticket is couched in the broadest language and makes no distinction as to the manner in which the ticket comes into the hands of the person who presents the same; it is enough to justify confiscation and forfeiture that a person other than the original purchaser tenders it.

I think it unquestionable that when a person other than the original purchaser tenders it, the defendant, *prima facie*, has the right to confiscate it as against such third person. But that it acquires thereby, also, a right to permanently forfeit it as against the original purchaser, from whom it has not been lawfully obtained, is a claim to which I cannot subscribe.

It is true that the Interstate Commerce Commission may adopt rules and regulations governing interstate railroad transportation and that these rules and regulations have the force of law. But it is similarly true that they must be reasonable and lawful and must receive a reasonable construction. The Interstate Commerce Commission has no power to adopt unreasonable, oppressive or absurd rules and regulations. It is but an administrative body charged with the administrative enforcement of the Interstate Commerce Act (*Bitterman* v. *Louisville & Nashville R. R. Co.*, 207 U. S. 205, 221, 222); and while it savors of *quasi*-judicial functions (*Western New York & P. R. Co.* v. *Penn. Refining Co.*, 137 Fed. 343), it possesses none of the true attributes and powers of judicial tribunals. (*Louisville & Nashville R. R. Co.* v. *Scott*, 133 Ky. 724; affd., 219 U. S. 209.)

It is said by defendant that to require a railroad to act at its risk with regard to confiscation and forfeiture of a ticket is to impose upon it an unreasonable burden. I see no force in the claim. Carriers engaged in interstate commerce, or intrastate carriage, must, from the very nature of their business, be subject to certain inconveniences and risks.

*Miller* v. *Atlantic Coast Line R. R. Co.* (29 I. C. C. Rep. 526), cited by defendant, is not persuasive. The facts in that case and in the instant one are dissimilar. There claim was made for refund

of a lost ticket. The defendant's tariff provided it would not redeem a passenger ticket, mislaid, lost, destroyed or stolen, and the Commission held such a condition not unreasonable. Simply the loss of the ticket was involved. It does not appear that the ticket was found and thereafter tendered by a person other than the original purchaser and thereupon confiscated and forfeited, and that it was in the possession of the carrier, as here. It is an entirely different situation; there is no parallel in point of facts. Each case must, obviously, be decided upon its own particular facts.

In the *Miller* case the Commission says (at p. 529), " it would be unjust and unfair to the carriers, and involve them in additional expense out of all proportion to the results to be obtained, if we were to require them to make refunds of the value of lost passenger tickets."

The Commission cited no judicial precedent to support this ruling, and I think it poor logic. The law seeks to do justice. If the loss of the ticket be established as a fact, I perceive no righteous principle by which mere inconvenience can justifiably furnish a premise to permit manifest unjust enrichment by the carrier. Where a lost ticket returns to the possession of the carrier, as here, I can see no justification for adopting such a construction.

However, as hitherto stated, the cause at bar involves more than mere loss of the ticket, but has the additional features of actual possession thereof by the defendant, following confiscation and forfeiture after tender by one not in possession of the ticket with the consent of the original purchaser.

*Bitterman* v. *Louisville & Nashville R. R. Co.* (*supra*), also cited by the defendant, is inapplicable. It arose upon an entirely different state of facts and was a suit in equity to enjoin the unlawful transfer and sale of non-transferable tickets. Moreover, in that case there was a transfer *by* the *real* owner to a third party, with the result that the third party presented the ticket to the railroad with the *consent* of the *real* owner thereof, and it is distinguishable in that here the plaintiff lost the ticket, and, indisputably, it was presented by the third person *without his consent*.

A person who finds property belonging to another acquires no title thereto against the true owner (Penal Law, § 1300; *Miller* v. *Erie R. R. Co.*, 63 Misc. 278; see, also, Greater New York Charter, § 331; *Burdick* v. *Chesebrough*, 94 App. Div. 532; *New York & Harlem R. R. Co.* v. *Haws*, 56 N. Y. 175), and upon refusal, after demand, to return it, may be sued upon *quasi* contract or for conversion. (25 C. J. 1141, § 16; *Burdick* v. *Chesebrough, supra; New York & Harlem R. R. Co.* v. *Haws, supra.*)

If the defendant's contention is to be upheld, then, if the ticket be purloined — possession resulting from common asportation — and

be thereafter tendered by the criminal acquisitor, it would justify its confiscation and permanent forfeiture against the original purchaser, though unlawfully thus acquired. Such a ruling would trammel every concept of justice. The mere assertion bears its own refutation. It has been dogmatically asserted that the law is not insensible, a thing dead to all surroundings; that it is not merely a compendium of mechanical rules written in fixed and indelible characters, but a living organism which grows and moves in response to the dictates and necessities of justice. It expands with reason.

The provisions in question relating to and governing confiscation and forfeiture of a ticket when tendered for transportation by a person other than the original purchaser must be given both a reasonable and sensible construction — one that will not produce an unjust and absurd result.

" Nothing is better settled than that statutes should receive a sensible construction, such as will effectuate the legislative intention, and, if possible, so as to avoid an unjust or an absurd conclusion." (*Lau Ou Bew* v. *United States*, 144 U. S. 47, 59.) (See, also, *Church of the Holy Trinity* v. *United States*, 143 U. S. 457, 461; McKinney's Consol. Laws of New York, " Statutes and Statutory Construction, vol. 1, § 79, p. 144.")

It is not to be supposed that by the tariffs or regulations of the Interstate Commerce Commission, or by the rules and conditions promulgated thereupon by the defendant, it was intended thereby that mere presentation of a ticket by another person than the original purchaser should constitute conclusive ground for confiscation and permanent forfeiture, irrespective of how its acquisition brought it to the possession of the third person. Such a rule or condition would be clearly unreasonable and unreasonable provisions or regulations by carriers are not favored by the courts. (*Vedder* v. *Fellows*, 20 N. Y. 126; 10 C. J. 64, § 53, " Carriers.")

Reason and justice import a construction that the rules, regulations and conditions adverted to shall be operative only if it is shown that the ticket came into the possession of such third person for the evident purpose of securing transportation fraudulently, resulting from artifice or connivance, to all of which the original purchaser was a conscious actor, or willing participant, and that they cannot be said to reasonably embrace a case like the present one, but, rather, to except it.

Applying the doctrine of sensible construction and implied exception, it results in doing substantial justice. Defendant's contentions are without legal sustenance and plaintiff is entitled to recover.

Judgment is accordingly awarded in favor of plaintiff and against defendant for the sum of thirty dollars and eighty-seven cents.