WALTER ALLRED, ET AL., APPELLANTS, v. WILLIAM BIEGEL AND ELLA MAE KNIGHT EVANS, RESPONDENTS.—219 S. W. 2d 665.

Kansas City Court of Appeals. Opinion delivered April 4, 1949.

*John V. Goodson* for appellants.

*R. Wilson Barrow* and *James Glenn* for respondents.

820

SHERRY, C.—Plaintiffs sued Biegel, in replevin, for possession of an ancient Indian canoe found embedded in land owned by Mrs. Evans, intervenor. Trial to the court, without a jury, resulted in judgment for intervenor. Plaintiffs appeal.

Plaintiffs went swimming in the Chariton river, at a point where a new channel had been cut across a bend in the old river course. The new channel ran through land formerly owned by one Haney, who died many years ago. Haney devised the land to his wife, Nina, for her lifetime and then, in fee, to his daughter, Mrs. Evans.

After the new channel was excavated the banks eroded many feet on each side of the ditch. Due to unusual floods occurring in the spring of 1947, each of the banks was further eroded to the extent of from 15 to 25 feet, so that the river is now 200 feet wide at this point. While refreshing themselves in the waters plaintiffs discovered that what they thought was a log, protruding from the bank and partly inundated by the water, was a boat. They discussed the find and agreed that they would remove it and sell it to a museum, or exhibit it commercially. They showed it to Mr. Biegel, who, the following day, with his sons, excavated and removed it.

The Haney will had been probated but administration has never been closed. Probate records disclose that Mr. Haney owned no personal property. Plaintiffs paid Mrs. Haney, the life tenant, $5 for her interest in the canoe, and paid her two sons, who had been farming the land in which it was embedded, $2 for their interest. Plaintiffs claim the canoe, by right of discovery of lost or abandoned property, and on the theory that it is personal property which Mrs. Haney may claim under her rights as widow of the former owner.

The canoe is 27½ feet long and 2½ or 3 feet wide. It is made of a single walnut log, hollowed out, and with a place for a seat scooped out at the stern. It is in a good state of preservation. When found, about one-third of its length was embedded in the soil of the bank, from 15 to 25 feet below the surface of the land. It extended about 6 inches above the water for a distance of a few feet, and the remainder was submerged in the water. In order to remove it the soil around the embedded portion was excavated, and then it was pulled out with the aid of a tractor and a block and tackle.

How long the canoe had been in this spot, no one attempted to say. The entire surface of the land, under which it lay buried, prior to the eroding of the banks of the "man-made" river, had been planted to crops and cultivated. Whose hand fashioned this antiquity, and in what manner it came to rest at this spot, in the fertile valley of the Chariton River, the ancient hunting grounds of the mighty Osages,

could only have been known by members of a long vanished race, and by the ageless God. How many years, or hundreds of years, it has taken the flood waters of the Chariton to deposit from 15 to 25 feet of silt over it, could only be estimated by learned geologists, who would be required to consider the effect on silting caused by erosion, as accelerated by the method of farming followed in that region since white men drove the aboriginal inhabitants of that area of sylvan forests, threaded by the tributaries of the Missouri, to the sun-baked oil lands of Oklahoma; and no such learned witness gave testimony. Therefore, the court could only have found, from the evidence, that the canoe was once the personal property of persons unknown, and that it was, by the forces of nature alone, embedded in the soil of land now owned by intervenor.

Plaintiffs claim the property under the theory that "finders are keepers," the theory that the canoe is "lost property." Much has been said by the courts of England, and of America, concerning the rights of finders of "lost property," and what constitutes "lost property." Ferguson v. Ray, 44 Ore. 557, 77 Pac. 600. Sovern v. Yoran, 20 Pac. 100 (Ore.) ; Kuykendall v. Fisher, 61 W. Va. 87, American and English Annotated Cases, 700; Goddard v. Winchell, (Ia.) 52 N. W. 1124; Burdick v. Chesebrough, 88 N. Y. Supp. 13; Foster v. Fidelity Safe Deposit Company, 162 Mo. App. 165. That theory has no application to the facts of this case.

The canoe is "property embedded in the soil." In such cases it is held that the presumption is that the finder has no rights therein, the presumption being the possession is in the owner of the *locus in quo*. 34 Am. Jur. page 634, par. 5. The leading case is on all fours with the case at bar. It is the English case of Elwes v. Briggs Gas Company, 33 Ch. 562, where an ancient ship, some 2000 years old, hollowed out of a single oak log and retaining its character of wood (not fossilized), was discovered, embedded in the soil, by the lessee of the land, while lawfully excavating thereon. Chitty, J., held that whether the ship was to be regarded as mineral, or as a part of the realty under the maxim "Quicquid plantatur" or "fixatur solo, solo cedit," or merely as a chattel embedded in the soil, its existence completely unknown to the owner of the land, the title thereto was in the owner of the land. It was said that the original owners were long since dead, that it is inconceivable that their title could be established, and that the owner of the land claimed not only the surface thereof but everything within the soil, to the center of the earth, including the ship that was embedded therein.

This doctrine was applied in Goddard v. Winchell, supra, to an "aerolite," but it was probably unnecessary to do so in order to reach the conclusion announced. It was applied in the case of Ferguson v. Ray, supra, where gold bearing quartz which had been left, at the location where found, by human agency, and when found was partially

buried in the soil. We have found no case wherein the doctrine announced in Elwes v. Briggs, supra, has been criticized. It rests upon sound principles, is logical, and should be the law in this jurisdiction.

Plaintiffs claim some rights, by assignment, under the widow of Mr. Haney. Since the canoe was a part of the realty, prior to its severance, the life tenant had no right to sever it. Miller v. Bowen Coal and Mining Company, 40 S. W. 2d, 485, 1. c. 489. Things, part of the land, wrongfully severed by a life tenant, become personalty but belong to the owner of the next vested estate of inheritance, not the life tenant. 33 Am. Jur. 700, par. 217; Williamson v. Jones, 32 W. Va. 562, 32 L. R. A. 694, 1. c. 699. Plaintiffs' claim is not aided by the assignment made by Mrs. Haney; nor by that made by her two sons who were not shown to have, or claim, any title to the realty, or personalty of which Mr. Haney died seized.

The judgment should be affirmed. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is affirmed. *Bland, J., Dew, J.,* concur; *Cave, P. J.,* not sitting.